IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION and<br>SYSMEX AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BECKMAN COULTER, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sysmex Corporation ("Sysmex") and Sysmex America, Inc. ("SAI") (collectively "Plaintiffs"), bring this Complaint against Beckman Coulter, Inc. ("BCI"), and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 10,401,350 and 10,401,351 entitled "Sample Analyzer and Computer Program Product" ("the Patents"). True and correct copies of U.S. Patent Nos. 10,401,350 and 10,401,351 are attached as Exhibits A and B, respectively. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Plaintiffs seek lost profits and/or a reasonable royalty and injunction.

## THE PARTIES

2. Plaintiff Sysmex is a corporation organized and existing under the laws of Japan having its principal place of business at 1-5-1, Wakinohama-kaigandori, Chuo-ku, Kobe, Hyogo, Japan.

3. Plaintiff SAI is a Delaware corporation having its principal place of business at 577 Aptakisic Road, Lincolnshire, IL 60060. SAI is a wholly-owned subsidiary of Sysmex.

4. Sysmex and SAI are the assignees of the Patents, and are the co-owners of the entire right, title, and interest in and to the Patents, including the right to enforce and to recover damages for any current or past infringement of the Patents.

5. Upon information and belief, Defendant BCI is a Delaware corporation having its principal place of business in Brea, California.

6. Upon information and belief, BCI makes, offers to sell, sells and exports hematology analyzer systems, including the UniCel DxH 600, UniCel DxH 800, UniCel DxH 801, UniCel DxH 1600, UniCel DxH 1601, UniCel DxH 2400, UniCel DxH 2401, UniCel DxH 900, UniCel DxH 900 SMS, UniCel DxH 900-2, UniCel DxH 900-2 SMS, UniCel DxH 900-3, and UniCel DxH 900-3 SMS analyzers (the "Accused Products"), which infringe the Patents.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over the infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Upon information and belief, BCI is subject to this Court's general and specific personal jurisdiction because, *inter alia*, BCI is incorporated in the State of Delaware, and solicits and conducts business in Delaware, including the provision of goods, derives revenues from goods sold in Delaware and within this judicial district, and has committed acts of infringement in this judicial district, including but not limited to the offering to sell and selling the Accused Products in this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because BCI is incorporated in the State of Delaware and therefore "resides" in this judicial district.

## THE PATENTS

11. U.S. Patent No. 10,401,350 ("the 350 Patent") duly and legally issued on September 3, 2019.

12. Each claim of the 350 Patent is valid and enforceable.

13. The 350 Patent describes, among other things, a sample analyzer having a plurality of detectors for sensing blood samples or body fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode.

14. U.S. Patent No. 10,401,351 ("the 351 Patent") duly and legally issued on September 3, 2019.

15. Each claim of the 351 Patent is valid and enforceable.

16. The 351 Patent describes, among other things, a sample analyzer having a plurality of detectors for sensing blood samples or body fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode.

## THE ACCUSED PRODUCTS

17. The Accused Products are analyzer systems that include a sample analyzer comprising, among other things, a plurality of detectors for sensing blood samples or body fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode.

18. A first type of analyzer is included in each of Unicel DxH 600, UniCel DxH 800, UniCel DxH 801, UniCel DxH 1600, DxH 1601, DxH 2400 and DxH 2401 analyzer systems. One analyzer is included in each of the UniCel DxH 600, UniCel DxH 800 and UniCel DxH 801 analyzer systems. Two analyzers are included in each of the UniCel DxH 1600 and UniCel DxH 1601 analyzer systems. Three analyzers are included in each of the UniCel DxH 2400 and UniCel DxH 2401 analyzer systems.

19. A second type of analyzer is included in each of the Unicel DxH 900, UniCel DxH 900 SMS, UniCel DxH 900-2, UniCel DxH 900-2 SMS, UniCel DxH 900-3 and UniCel DxH 900-3 SMS analyzer systems. One analyzer is included in each of the UniCel DxH 900 and UniCel DxH 900 SMS analyzer systems. Two analyzers are included in each of the UniCel DxH 900-2 and UniCel DxH 900-2 SMS analyzer systems. Three analyzers are included in each of the UniCel DxH 900-3 and UniCel DxH 900-3 SMS analyzer systems.

20. The products identified in paragraphs 18 and 19 are all Accused Products.

21. The Accused Products use the technology claimed by the Patents. More specifically, each of the Accused Products infringes claims 1-28 of the 350 patent and claims 1-29 of the 351 patent.

22. By way of example, Claim 1 of the 350 patent recites "A sample analyzer comprising: a plurality of detectors each configured to sense cells in a sample, the sample selectively comprising (i) a blood sample or (ii) a body fluid sample, wherein the body fluid sample contains body fluid, other than blood, which is selected from a group consisting of cerebrospinal fluid, thoracic fluid, abdominal fluid, fluid collected in a cardiac sac, synovial fluid, dialysate from peritoneal dialysis, and intraperitoneal rinse."

23. This limitation is met by the Accused Products. The Accused products include a plurality of detectors. *See*, for example, Ex. C at Chapter 2 (Operation Principles). The Accused Products have system parameters for blood analysis and body fluid analysis. *See*, for example, *Id*. at Table 1.1 (System Parameters); *see* also Ex. D at Table 1.1 (Research Use Only Parameters).

24. Claim 1 further includes "a controller programmed to selectively operate the sample analyzer in a blood measuring mode or a body fluid measuring mode, wherein the blood measuring

4

mode includes a sequence of operations for measuring cells in the blood sample, and the body fluid measuring mode includes a sequence of operations for measuring cells in the body fluid sample."

25. This limitation is met by the Accused Products. The Accused Products operate in a blood measuring mode and a body fluid measuring mode. *See*, for example, Ex. C at Table 1.1 (System Parameters); *see also* Ex. D at Table 1.1 (Research Use Only Parameters).

26. Claim 1 further includes "wherein a respective sequence of operations for measuring cells in the blood sample and in the body fluid sample comprises (a) a sensing operation comprising operations of preparing for measurement and operating a detector to sense the cells in the sample and (b) an analyzing operation comprising operations of analyzing sample measurements and displaying analysis results."

27. This limitation is met by the Accused Products. The Accused Products perform a sensing operation and analyzing operation. *See*, for example, Ex. C at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see also* Ex. D at Chapter 2, Screen Displays.

28. Claim 1 further includes "the sensing operation performed in the body fluid measuring mode being different, at least partially, from the sensing operation performed in the blood measuring mode."

29. The Accused Products meet this limitation. The Accused Products perform pre-washing of a detector in the body fluid measuring mode but does not perform pre-washing of a detector in the blood measuring mode. *See*, for example, Ex. E at 2 (UniCel DxH 800).

30. Claim 1 further includes "further wherein the plurality of detectors includes one or more multi-mode detectors configured to operate in both the blood measuring mode and the body fluid measuring mode."

31. The Accused Products meet this limitation. The Accused Products include a multi-mode detector (Coulter Principle). *See*, for example, *Id*. at Table 2.4 (Parameters and Their Derivation); *see also* Ex. D at Table 1.1 (Research Use Only Parameters).

32. Claim 1 further includes "the controller programmed to: perform the sensing operation in the blood measuring mode to: introduce the blood sample into a multi-mode detector; operate said multi-mode detector to sense cells in the introduced blood sample; and derive blood-sample measurements of cells in the introduced blood sample."

33. The Accused Products meet this limitation. The Accused Products perform the sensing operation in the blood measuring mode. *See*, for example, Ex. C at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see also* Ex. D at Chapter 2, Screen Displays.

34. Claim 1 further includes the controller programmed to "perform the sensing operation in the body fluid measuring mode to: introduce the body fluid sample into said multi-mode detector; operate said multi-mode detector to sense cells in the introduced body fluid sample; and derive body-fluid-sample measurements of cells in the introduced body fluid sample."

35. The Accused Products meet this limitation. The Accused Products perform the sensing operation in the body fluid measuring mode. *See*, for example, *Id*. at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see also* Ex. D at Chapter 2, Screen Displays.

36. By way of further example, claim 1 of the 351 patent recites "A sample analyzer comprising: a plurality of detectors each configured to sense cells in a sample, the sample selectively comprising (i) a blood sample or (ii) a body fluid sample, wherein the body fluid sample contains body fluid, other than blood, which is selected from a group consisting of cerebrospinal fluid, thoracic fluid, abdominal fluid, fluid collected in a cardiac sac, synovial fluid, dialysate from peritoneal dialysis, and intraperitoneal rinse."

37. This limitation is met by the Accused Products. The Accused products include a plurality of detectors. *See*, for example, Ex. C at Chapter 2 (Operation Principles). The Accused Products have system parameters for blood analysis and body fluid analysis. *See*, for example, *Id.* at Table 1.1 (System Parameters); *see* also Ex. D at Table 1.1 (Research Use Only Parameters).

38. Claim 1 further includes "a controller programmed to selectively operate the sample analyzer in a blood measuring mode or a body fluid measuring mode, wherein the blood measuring mode includes a sequence of operations for measuring cells in the blood sample, and the body fluid measuring mode includes a sequence of operations for measuring cells in the body fluid sample."

39. This limitation is met by the Accused Products. The Accused Products operate in a blood measuring mode and a body fluid measuring mode. *See*, for example, Ex. C at Table 1.1 (System Parameters); *see* also Ex. D at Table 1.1 (Research Use Only Parameters).

40. Claim 1 further includes "wherein a respective sequence of operations for measuring cells in the blood sample and in the body fluid sample comprises (a) a sensing operation comprising operations of preparing for measurement and operating a detector to sense cells in the sample and (b) an analyzing operation comprising operations of analyzing sample measurements from the sensing operation and displaying analysis results."

41. This limitation is met by the Accused Products. The Accused Products perform a sensing operation and analyzing operation. *See*, for example, Ex. C at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see* also Ex. D at Chapter 2, Screen Displays.

42. Claim 1 further includes "the sensing operation performed in the body fluid measuring mode being different, at least partially, from the sensing operation performed in the blood measuring mode."

43. The Accused Products meet this limitation. The Accused Products perform pre-washing of a detector in the body fluid measuring mode but does not perform pre-washing of a detector in the blood measuring mode. *See*, for example, Ex. E at 2 (UniCel DxH 800).

44. Claim 1 further includes "further wherein the plurality of detectors include one or more multi-mode detectors configured to operate in both the blood measuring mode and the body fluid measuring mode."

45. The Accused Products meet this limitation. The Accused Products include a multi-mode detector (Coulter Principle). *See*, for example, Id. at Table 2.4 (Parameters and Their Derivation); *see* also Ex. D at Table 1.1 (Research Use Only Parameters).

46. Claim 1 further includes "the controller programmed to: display on an input screen (1) at least two sample-type options that comprise concurrent display of a blood sample option and a body fluid sample option each independently selectable from the other on the input screen."

47. This limitation is met by the Accused Products. As shown by the below screen shot from the UniCell DxH 800 system manager monitor screen, the Accused Products display an input screen in which a blood sample option and a body fluid sample are concurrently displayed.



48. Claim 1 further includes the controller programmed to: display on an input screen "(2) one or more test modes displayed separately from a selected one of the at least two sample-type options."

49. This limitation is met by the Accused Products. As shown by the screen shot above, one or more test panels are displayed separately from a selected one of the at least two sample-type options.

50. Claim 1 further includes "wherein selecting the body fluid sample option from the at least two sample-type options and setting a test mode from the one or more test modes is based on respective discrete user inputs separately received in the input screen."

51. This limitation is met by the Accused Products. As shown by the below screen shot from the UniCell DxH 800 system manager monitor screen, an operator first selects a body fluid sample option (CSF) and then sets a test mode (BFC).



52. Claim 1 further includes "in response to (I) a user input, on the input screen, of selecting the blood sample option from the displayed at least two sample-type options and (II) an additional user input, on the input screen, of setting one test mode from the displayed one or more test modes, [the controller programmed to] perform the sensing operation in the blood measuring mode to: prepare a blood measurement sample from the blood sample; introduce at least part of

the prepared blood measurement sample into a multi-mode detector; and operate said multi-mode detector to sense cells in the introduced blood measurement sample, and further perform the analyzing operation in the blood measuring mode to: analyze blood-sample measurements of cells sensed in the introduced blood measurement sample; and display analysis results of the blood-sample measurements on a first test result screen."

53. The Accused Products meet this limitation. The Accused Products perform the sensing operation and analyzing operation in the blood measuring mode as the limitation requires. *See*, for example, Ex. C at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see* also Ex. D at Chapter 2, Screen Displays.

54. Claim 1 further includes "in response to (I) a user input, on the input screen, of selecting the body fluid sample option from the displayed at least two test-sample options and (II) an additional user input, on the input screen, of setting said one or a different test mode from the displayed one or more test modes, [the controller programmed to] perform the sensing operation in the body fluid measuring mode to: prepare a body fluid measurement sample from the body fluid sample; introduce at least part of the prepared body fluid measurement sample into said multi-mode detector; and operate said multi-mode detector to sense cells in the introduced body fluid measurement sample, and further perform the analyzing operation in the body fluid measuring mode to: analyze body-fluid-sample measurements of the cells sensed in the introduced body fluid measurement sample; and display analysis results of the body-fluid-sample measurements on a second test result screen."

55. This limitation is met by the Accused Products. The Accused Products perform the sensing operation and analyzing operation in the body fluid measuring mode as the limitation

requires. *See*, for example, Ex. C at Chapters 2 (Operation Principles), 5 (Sample Analysis), 6 (Data review); *see* also Ex. D at Chapter 2, Screen Displays.

56. The Accused Products, and BCI's acts of importation, offer for sale, sale, and exportation of the Accused Products is in direct competition with Plaintiffs and their products, including products that are covered by one or more claims of the Patents.

**COUNT I – PATENT INFRINGEMENT:  U.S. Patent No. 10,401,350**

57. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1–56 above.

58. BCI has infringed and is continuing to infringe claims 1-28 of the 350 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States the infringing analyzers, including the Accused Products, and/or inducing and/or contributing to such conduct by BCI's customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b) and/or (f).

59. BCI does not have any license or other authority from Plaintiffs or any other person or entity to practice the subject matter claimed by the 350 Patent.

60. The notice provisions of 35 U.S.C. § 287 with respect to the 350 Patent are satisfied at least as of the date of service of this complaint upon BCI.

61. BCI's infringing acts, occurring at least after receipt of notice of this complaint, constitute willful infringement of the 350 Patent, rendering this an exceptional case pursuant to 35 U.S.C. § 285.

**COUNT II – PATENT INFRINGEMENT:  U.S. Patent No. 10,401,351**

62. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1–61 above.

63. BCI has infringed and is continuing to infringe claims 1-29 of the 351 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States the infringing analyzers, including the Accused Products, and/or inducing and/or contributing to such conduct by BCI's customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b) and/or (f).

64. BCI does not have any license or other authority from Plaintiffs or any other person or entity to practice the subject matter claimed by the 351 Patent.

65. The notice provisions of 35 U.S.C. § 287 with respect to the 351 Patent are satisfied at least as of the date of service of this complaint upon BCI.

66. BCI's infringing acts, occurring at least after receipt of notice of this complaint, constitute willful infringement of the 351 Patent, rendering this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request for judgment:

a. adjudging that Defendant BCI has infringed and is continuing to infringe the 350 Patent;

b. adjudging that Defendant BCI has infringed and is continuing to infringe the 351 Patent;

c. awarding Plaintiffs damages adequate to compensate for BCI's infringement of the 350 and 351 Patents together with interest and costs as fixed by the Court, which damages include lost profits, and in no event less than a reasonable royalty;

d. enjoining BCI or any of its agents or related entities from making, using, offering to sell, selling, and/or supplying in or from the United States the Accused Products and any other systems and components of systems or methods that practice, or otherwise aiding or inducing

BCI's customers or other persons or entities to practice, the subject matter of the 350 and 351 Patents, pursuant to 35 U.S.C. § 283;

  e. adjudging that BCI's continued infringement of the 350 and 351 Patents is willful and increasing up to treble all damages awarded to Plaintiffs for such infringement, pursuant to 35 U.S.C. § 284;

  f. declaring this exception case under 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees, costs, and expenses; and

  g. granting Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand a trial by jury on all issues triable as such.

| | |
|---|---|
| | */s/ Kelly E. Farnan* |
| | Kelly E. Farnan (#4395) |
| OF COUNSEL: | Richards, Layton & Finger, P.A. |
| James R. Sobieraj | One Rodney Square |
| Robert S. Mallint | 920 N. King Street |
| BRINKS GILSON & LIONE | Wilmington, DE 19801 |
| 455 N. Cityfront Plaza Drive | (302) 651-7700 |
| NBC Tower - Suite 3600 | farnan@rlf.com |
| Chicago, IL 60611 | |
| 312-321-4200 | *Attorney for Plaintiffs Sysmex Corporation and Sysmex America, Inc.* |
| Dated: September 3, 2019 | |