IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYSMEX CORPORATION and SYSMEX          )
AMERICA, INC.                          )
                                       )
        Plaintiffs,                    )          C. A. No.:  19-1642-RGA
                                       )
            v.                         )          **JURY TRIAL DEMANDED**
                                       )
BECKMAN COULTER, INC.,                 )
                                       )
        Defendants.                    )
_____)
BECKMAN COULTER, INC.,                 )
                                       )
        Counterclaim-Plaintiff,        )
                                       )
            v.                         )
                                       )
SYSMEX CORPORATION and SYSMEX          )
AMERICA, INC.,                         )
                                       )
        Counterclaim-Defendants.       )

## ANSWER AND COUNTERCLAIMS OF DEFENDANT BECKMAN COULTER, INC.

Defendant Beckman Coulter, Inc. ("BCI"), by and through its undersigned attorneys, hereby answers each of the numbered paragraphs of the Complaint filed September 3, 2019, by Plaintiffs Sysmex Corporation ("Sysmex") and Sysmex America, Inc. ("SAI") (collectively "Plaintiffs").  Except as expressly admitted below, BCI denies each allegation of Plaintiffs' Complaint.

### NATURE OF THE ACTION

1.      BCI admits that this action purports to state a claim under the patent laws of the United States for infringement of United States Patent Nos. 10,401,350 entitled "Sample Analyzer and Computer Program Product" ("the '350 Patent") and 10,401,351 entitled "Sample Analyzer and Computer Program Product" ("the '351 Patent").  BCI admits that Exhibits A and

B appear to be copies of the '350 patent and '351 patent, respectively.  BCI denies the remaining allegations in paragraph 1.

## THE PARTIES

2.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and therefore denies same.

3.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and therefore denies same.

4.    BCI admits that the Plaintiffs are named on the face of the patents in suit as the purported assignees of the '350 and '351 Patents.  Based on the public record, BCI denies that SAI is an assignee or a co-owner of the patents in suit and denies the remaining allegations in this paragraph of the complaint.

5.    Admitted.

6.    BCI admits that it makes, offers to sell, sell and exports hematology analyzer systems, including products sold as the UniCel DxH 600, UniCel DxH 800, UniCel DxH 801, UniCel DxH 1600, UniCel DxH 1601, UniCel DxH 2400, UniCel DxH 2401, DxH 900, DxH 900 SMS, DxH 900-2, DxH 900-2 SMS, DxH 900-3, and DxH 900-3 SMS, which Plaintiffs identify as "the Accused Products."  BCI denies that Plaintiffs further characterizations of the Accused Products are accurate, and further denies that any of the Accused Products infringe the '350 and '351 Patents.

### Jurisdiction and Venue

7.    This Paragraph contains legal conclusions to which no answer is required.  BCI does not contest that purported patent infringement claims arise under the Patent Laws of the United States, Title 35 of the United States Code.

8.      This Paragraph contains legal conclusions to which no answer is required.  BCI does not contest this Court's subject matter jurisdiction over a purported patent claim.

9.      To the extent this Paragraph contains legal conclusions, no answer is required. BCI admits that it is incorporated in the State of Delaware and does business in Delaware, and it does not contest that this Court may exercise personal jurisdiction over it for purposes of this action.  BCI denies the remaining allegations of this paragraph.

10.     This paragraph contains legal conclusions to which no answer is required.  BCI does not contest venue in this district for purposes of this action, but it disputes that this is the most appropriate or convenient venue for this action.

## THE PATENTS

11.     BCI admits that the '350 Patent purports on its face to have issued on September 3, 2019.  BCI denies that the '350 Patent was duly and legally issued, denies that the '350 Patent is valid, and denies that the '350 Patent is enforceable.

12.     Denied.

13.     BCI denies that this Paragraph accurately describes the specification or claimed subject matter of the '350 Patent.  BCI is without knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

14.     BCI admits that '351 Patent purports on its face to have issued on September 3, 2019.  BCI denies that the '351 Patent was duly and legally issued, denies that the '351 Patent is valid, and denies that the '351 Patent is enforceable.

15.     Denied.

16.     BCI denies that this Paragraph accurately describes the specification or claimed subject matter of the '351 Patent.  BCI is without knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

## THE ACCUSED PRODUCTS

17.     BCI admits that the Accused Products are sold as "hematology analyzers." To the extent this Paragraph contains conclusions of law, including regarding the scope of the '350 and '351 Patent claims or the alleged infringement, including based on this paragraph's use of the terms such as "analyzer," "a plurality of detectors" and "multi-mode detector," no answer is required and BCI disputes Plaintiffs' characterizations of the '350 and '351 patent.

18.     This paragraph includes the term "analyzer," which is also recited in the asserted patent claims, and BCI denies that it products infringe any asserted claim.  BCI denies the remaining allegations in this Paragraph, including those identified as the Accused Products.

19.     This paragraph includes the term "analyzer," which is also recited in the asserted patent claims, and BCI denies that its products infringe any asserted claim.  BCI denies the remaining allegations in this Paragraph, including those identified as the Accused Products.

20.     Because BCI denies that its products infringe any asserted claims, BCI denies the allegations of this paragraph.

21.     Denied.

22.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

23.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 23 of the Complaint as calling for a legal conclusion, and therefore denies the same.

24.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

25.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 25 of the Complaint as calling for a legal conclusion, and therefore denies the same.

26.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

27.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 27 of the Complaint as calling for a legal conclusion, and therefore denies the same.

28.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

29.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 29 of the Complaint as calling for a legal conclusion, and therefore denies the same.

30.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

31.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July

2015, respectively.  BCI objects to the remaining allegations of paragraph 31 of the Complaint as calling for a legal conclusion, and therefore denies the same.

32.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

33.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 33 of the Complaint as calling for a legal conclusion, and therefore denies the same.

34.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

35.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 35 of the Complaint as calling for a legal conclusion, and therefore denies the same.

36.     BCI admits that Claim 1 of the '350 Patent contains, in part, the language set forth in this paragraph.

37.     BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 37 of the Complaint as calling for a legal conclusion, and therefore denies the same.

38.     BCI admits that Claim 1 of the '351 Patent contains, in part, the language set forth in this paragraph.

39.    BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 39 of the Complaint as calling for a legal conclusion, and therefore denies the same.

40.    BCI admits that Claim 1 of the '351 Patent contains, in part, the language set forth in this paragraph.

41.    BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 41 of the Complaint as calling for a legal conclusion, and therefore denies the same.

42.    BCI admits that Claim 1 of the '351 Patent contains, in part, the language set forth in this paragraph.

43.    BCI admits that Exhibits E is a document entitled "Performance Evaluation of Body Fluids on the UniCel DxH 800 Coulter Cellular Analysis System," published in 2009.  BCI objects to the remaining allegations of paragraph 43 of the Complaint as calling for a legal conclusion, and therefore denies the same.

44.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

45.    BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 45 of the Complaint as calling for a legal conclusion, and therefore denies the same.

46.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

47.    BCI objects to the allegations of paragraph 47 as calling for a legal conclusion, and therefore denies the same.

48.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

49.    BCI objects to the allegations of paragraph 49 as calling for a legal conclusion, and therefore denies the same.

50.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

51.    BCI objects to the allegations of paragraph 51 as calling for a legal conclusion, and therefore denies the same.

52.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

53.    BCI objects to the allegations of paragraph 53 as calling for a legal conclusion, and therefore denies the same.

54.    BCI admits that Claim 1 of the '351 Patent contains, in part, the quoted language in this paragraph.

55.    BCI admits that Exhibits C and D are Instructions for Use, dated August 2014, and an RUO Addendum for "UniCel DxH Series with System Manager Software," dated July 2015, respectively.  BCI objects to the remaining allegations of paragraph 54 of the Complaint as calling for a legal conclusion, and therefore denies the same.

56.    Denied.

**COUNT I – [Alleged] Patent Infringement: U.S. Patent No. 10,401,350**

57.    BCI restates and incorporates each of its responses to paragraph 1-56 as if fully set forth above.

58.    Denied.

59.    BCI admits that it is not presently aware that it is directly licensed to the '350 patent or that Plaintiffs provided "authority" in connection with the '350 patent. BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint with respect to licenses that BCI is not a direct party to but may be a beneficiary of, and therefore denies the same. BCI denies that any license or "authority" is required "to practice the subject matter claimed by the '350 Patent. BCI denies all remaining allegations of this paragraph.

60.    This paragraph contains vague legal conclusions to which no answer is required. It is unclear what Plaintiffs intend by the statement "[t]he notice provisions of 35 U.S.C. § 287 with respect to the '350 patent are satisfied at least as of the date of service of this complaint upon BCI." BCI admits that 35 U.S.C. § 287(a) includes the following two sentences: "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice." BCI denies all remaining allegations of this paragraph.

61.    Denied.

**COUNT II – [Alleged] Patent Infringement: U.S. Patent No. 10,401,351**

62.    BCI restates and incorporates each of its responses to paragraph 1-61 as if fully set forth above.

63.    Denied.

64.    BCI admits that it is not presently aware that it is directly licensed to the '351 patent or that Plaintiffs have provided "authority" in connection with the '351 patent. BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint with respect to licenses that BCI is not a direct party to but may be a beneficiary of, and therefore denies the same. BCI denies that any license or "authority" is required "to practice the subject matter claimed by the '351 Patent. BCI denies all remaining allegations of this paragraph.

65.    This paragraph contains vague legal conclusions to which no answer is required. It is unclear what Plaintiffs intend by the statement "[t]he notice provisions of 35 U.S.C. § 287 with respect to the '351 patent are satisfied at least as of the date of service of this complaint upon BCI." BCI admits that 35 U.S.C. § 287(a) includes the following two sentences: "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice." BCI denies all remaining allegations of this paragraph.

66.    Denied.

## RESPONSE TO PRAYER FOR RELIEF

BCI denies all allegations not specifically admitted herein, and further denies that Plaintiffs are entitled to the judgment and relief requested in the Prayer for Relief. Rather, the Complaint should be dismissed with prejudice with a finding of no infringement and invalidity in favor of BCI.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or the truth of any allegation in Plaintiffs' Complaint, BCI states the following affirmative defenses:

### First Affirmative Defense

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

SAI lacks standing to bring this patent infringement suit.

### Third Affirmative Defense

BCI has not infringed, and does not infringe any claim of the '350 Patent and '351 Patent, literally, under the doctrine of equivalents, directly or indirectly, contributorily, by inducement, or in any other manner.

### Fourth Affirmative Defense

The asserted claims of the '350 Patent and of the '351 Patent are invalid for failing to comply with the conditions and requirements for patentability set forth in the United States Patent Laws, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, for double patenting, and the rules, regulations, and laws pertaining thereto.

### Fifth Affirmative Defense

Plaintiffs' allegations are inadequate to state a claim of willfulness under 35 U.S.C. § 285.

### Sixth Affirmative Defense

Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

BCI reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## COUNTERCLAIMS

Defendant Beckman Coulter, Inc. ("BCI") incorporates herein by reference the admissions, allegations, denials and Affirmative Defenses contained in the Answer above as if fully set forth herein. For its Counterclaims against Plaintiffs/Counterclaim-Defendants Sysmex Corporation ("Sysmex") and Sysmex America, Inc. ("SAI") (collectively, "Counterclaim-Defendants") BCI states as follows:

### THE PARTIES

1.      BCI is a Delaware corporation having its principal place of business in Brea, California.

2.      According to the Complaint, Sysmex America, Inc. is a Delaware corporation having its principal place of business at 577 Aptakisic Road, Lincolnshire, Illinois 60069.

3.      According to the Complaint, Sysmex Corporation is a Japan corporation having its principal place of business at 1-5-1 Wakinohama-kaigandori, Chuo-ku, Kobe, Hyogo, Japan.

### JURISDICTION AND VENUE

4.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a) because the Counterclaims involve questions of federal law and regulation, and pursuant to 28

U.S.C. §§ 1367(a), because the Counterclaims are so related to the claims in this action as to form part of the same case or controversy under Article III of the United States Constitution

5.     This Court has personal jurisdiction over Sysmex and SAI because, among other reasons, these Counterclaim-Defendants have consented and subjected themselves to the jurisdiction of this Court by filing their Complaint against BCI.

6.     To the extent that venue is appropriate for Counterclaim-Defendants' claim against BCI, venue is also appropriate in this Court for BCI's counterclaims.

7.     There is an actual and justiciable controversy between the parties as to the infringement, validity and enforceability of United States Patent No. 10,401,350, entitled "Sample Analyzer and Computer Program Product" ("the '350 Patent") and United States Patent No. 10,401,351, entitled "Sample Analyzer and Computer Program Product" ("the '351 Patent").

## BACKGROUND

8.     The asserted Sysmex '350 Patent and '351 Patent purport to describe an improvement in hematology analyzers.   The "Field of the Invention" section of the specification states "[t]he present invention relates to a sample analyzer and computer program product capable of measuring not only blood, but also body fluids other than blood such as cerebrospinal fluid (spinal fluid), fluid of the thoracic cavity (pleural fluid), abdominal fluid and the like." This description of the invention inaccurately and misleadingly suggests that prior art systems measured only blood whereas the purportedly novel analyzer of the patent application measured both blood and body fluids.  However, several years before Sysmex filed its earliest related patent application, both BCI and Sysmex had made, used and described hematology systems for measuring both blood and body fluids.

9.     BCI and Sysmex are competitors.  Prior to the critical date of the '350 and '351 patents, both parties made and sold automated hematology analyzers, which performed blood

and body fluid tests in clinical laboratories.  These analyzers measured and reported information about the composition of cells in blood and body fluid samples.  For example, the prior art analyzers measured red blood cell counts, white blood counts, hemoglobin and other parameters for blood.  The prior art analyzers also are capable of measuring and reporting body fluid information such as total nucleated cell counts.

### The Sysmex Patents in Suit

10.    A copy of the '350 patent is attached as Exhibit A to Plaintiffs' Complaint.

11.    A copy of the '351 patent is attached as Exhibit B to Plaintiffs' Complaint.

12.    By paragraph 4 of their Complaint, Plaintiffs allege that they are "the assignees of the Patents, and are the co-owners of the entire right, title, and interest in and to the Patents, including the right to enforce and to recover damages for any current or past infringement of the Patents."

13.    The critical date of the '350 patent for prior art purposes is no earlier than January 31, 2007.

a.    Sysmex's '350 patent issued from U.S. Patent Application Serial No. 16/214,417 ("the '417 application"), which Sysmex filed on December 10, 2018. Through a series of continuation applications, the '417 application claims priority to U.S. Patent Application Serial No. 12/023,830 ("the '830 application"), which Sysmex filed in the United States on January 31, 2008.

b.    Although the '830 application purports to claim priority to earlier Japanese applications filed on February 1, 2007, and March 30, 2007, the earliest possible effective filing date of the '350 patent for purposes of prior art under 35 U.S.C. § 102(b) (pre-AIA)

is January 31, 2008, the date of the earliest United States application to which the '417 application claims priority.

14.    The critical date of the '351 patent for prior art purposes is also no earlier than January 31, 2007.

      a.    Sysmex's '351 patent issued from U.S. Patent Application Serial No. 16/363,694 ("the '694 application"), which Sysmex filed on March 25, 2019.  Through a series of continuation applications, the '694 application claims priority to U.S. Patent Application Serial No. 12/023,830 ("the '830 application"), which Sysmex filed in the United States on January 31, 2008.

      b.    Although the '830 application purports to claim priority to earlier Japanese applications filed on February 1, 2007, and March 30, 2007, the earliest possible effective filing date of the '351 patent for purposes of prior art under 35 U.S.C. § 102(b) (pre-AIA) is January 31, 2008, the date of the earliest United States application to which the '694 application claims priority.

15.    The patents in suit issued from a long chain of applications claiming priority to the '830 application.  Sysmex obtained at least four earlier patents from this chain of applications, all having the same patent specification and drawings.  These patents include U.S. Patent 8,440,140 (the '140 patent"), which issued on May 13, 2013 from the '830 application; U.S. Patent 8,968,661 ("the '661 patent"), which issued on March 3, 2015 from a continuation (U.S. Patent Application Serial No. 13/891,667) of the '830 application; U.S. Patent 9,933,414, which issued on April 3, 2018 from a further continuation application (U.S. Patent Application Serial No. 14/595,319); and U.S. Patent 10,151,746 ("the '746 patent"), which issued on

December 11, 2018 from yet another continuation application (U.S. Patent Application Serial No. 15/908,339).

16.     This is not the first patent infringement lawsuit brought by Sysmex against BCI regarding a patent issuing from an application which claims priority on the '830 application.  On December 11, 2018, Sysmex filed a lawsuit against BCI, asserting infringement of the '746 patent.

17.     On February 13, 2019, Sysmex dismissed without prejudice its lawsuit involving the '746 patent.

18.     At least the independent claims of the '350 and '351 patent are obvious in view of the claims in one or more of the prior Sysmex patents issuing from the same chain of applications, including at least the '746 patent.

### Sysmex's Prior Art Systems

19.     More than one year prior to the filing date of the patents in suit, Sysmex made and sold prior art hematology analyzers, including at least the XE-2100 analyzer, that were used for measuring both blood and body fluids, and Sysmex or others had stated in a printed publication that such prior art hematology analyzers could be used for measuring both blood and body fluids.

20.     The claims of the patents in suit cover Sysmex's own prior art products, or at best cover only obvious software modifications of Sysmex's own prior art products.  These prior art products measured both blood and body fluids.  One such Sysmex prior art product was the XE-2100 hematology analyzer system.

21.     The XE-2100 contained every claimed hardware arrangement in the '350 patent and the '351 patent, and the software in the Sysmex prior art products either included every

additional claimed feature, or at a minimum, would have been understood to be readily modified in a logical manner to include every additional claimed feature.

22.     At a minimum, therefore, the various matter claimed in the patents in suit are either anticipated by, or would have been obvious to a person of ordinary skill in the art based on, Sysmex's own prior art products.

### BCI's Prior Art Systems

23.     More than one year prior to the filing date of the '350 Patent and '351 Patent, BCI had made, sold and used in the United States hematology analyzers and computer programs that measured both blood and body fluids, including the BCI LH750 hematology analyzer system.

24.     The hardware component used in BCI's prior art hematology analyzers are materially similar in design to the accused products in this lawsuit.  The claims cannot cover BCI's accused products without also reaching BCI's prior art products.

25.     BCI's prior art hematology analyzers included software that operated to present on a computer screen an indication that a body fluid or blood was analyzed, and to allow a user to select whether body fluid was to be analyzed.

26.     BCI's prior art hematology analyzers also included software that operated to present on a computer screen certain parameters of a body fluid being analyzed.

27.     The products that Sysmex accuses in this lawsuit of infringing the patents in suit operate in a materially similar way as the prior art BCI products.  Therefore, to the extent the claims of the patents in suit can be construed to cover the accused products, the BCI prior art anticipates or at least renders obvious the claims of the patents in suit.

28.     The claims of the patents in suit are further rendered obvious by the combination of the Sysmex XE-2100 and BCI LH750 prior art products.

## First Counterclaim

### (Declaration of Non-Infringement of the '350 Patent)

29.     BCI realleges and incorporates by reference its allegations in the preceding paragraphs 1-28.

30.     A present, genuine, and justiciable controversy exists between BCI and Counterclaim-Defendants regarding, *inter alia*, the issue of whether BCI's hematology analyzers would infringe any valid or enforceable claim of the '350 Patent.

31.     The manufacture, use, offer for sale, or sale of any BCI hematology analyzer does not infringe, and has never infringed, any valid and enforceable claim of the '350 Patent, either directly, contributorily or by inducement, literally or by equivalents.

32.     BCI is entitled to a judicial determination and declaration that it does not infringe any valid, non-abandoned and enforceable claim of the '350 Patent.

## Second Counterclaim

### (Declaration of Non-Infringement of the '351 Patent)

33.     BCI realleges and incorporates by reference its allegations in the preceding paragraphs 1-32.

34.     A present, genuine, and justiciable controversy exists between BCI and Counterclaim-Defendants regarding, inter alia, the issue of whether BCI's hematology analyzers would infringe any valid or enforceable claim of the '351 Patent.

35.     The manufacture, use, offer for sale, or sale of any BCI hematology analyzer does not infringe, and has never infringed, any valid and enforceable claim of the '351 Patent, either directly, contributorily or by inducement, literally or by equivalents.

36.     BCI is entitled to a judicial determination and declaration that it does not infringe any valid, non-abandoned and enforceable claim of the '351 Patent.

### Third Counterclaim

### (Declaration of Invalidity of the '350 Patent)

37.     BCI realleges and incorporates by reference its allegations in the preceding paragraphs 1-36.

38.     A present, genuine, and justiciable controversy exists between BCI and Counterclaim-Defendants regarding, inter alia, the invalidity of the '350 Patent.

39.     The claims of the '350 Patent are invalid, in whole or in part, for failure to satisfy one or more of the requirements of U.S.C. Title 35, including, without limitation, §§ 101, 102, 103, and 112 thereof.

40.     The claims of the '350 Patent are invalid for double patenting.

41.     BCI is entitled to a judicial determination and declaration that the claims of the '350 Patent are invalid.

### Fourth Counterclaim

### (Declaration of Invalidity of the '351 Patent)

42.     BCI realleges and incorporates by reference its allegations in the preceding paragraphs 1-41.

43.     A present, genuine, and justiciable controversy exists between BCI and Counterclaim-Defendants regarding, inter alia, the invalidity of the '351 Patent.

44.     The claims of the '351 Patent are invalid, in whole or in part, for failure to satisfy one or more of the requirements of U.S.C. Title 35, including, without limitation, §§ 101, 102, 103, and 112 thereof.

45.     The claims of the '351 Patent are invalid for double patenting.

46.     BCI is entitled to a judicial determination and declaration that the claims of the '351 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, BCI prays that the Court enter judgment in its favor and against Counterclaim-Defendants as follows:

a.     Dismissing the Complaint with prejudice and entering a judgment in BCI and against Plaintiffs/Counterclaim-Defendants;

b.     Denying each request for relief made by Plaintiffs.

c.     Declaring that BCI has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '350 Patent and the '351 Patent;

d.     Declaring that the claims of the '350 Patent and the '351 Patent are invalid;

e.     Declaring this case is exceptional and awarding BCI its attorneys' fees pursuant to 35 U.S.C. § 285;

f.     Awarding BCI its costs and expenses in defending against Plaintiff's claims; and

g.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant BCI hereby demands trial by jury in this action.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com

LEYDIG, VOIT & MAYER, LTD
David A. Airan [*pro hac vice* to be filed]
Wesley Mueller [*pro hac vice* to be filed]
Aaron Feigelson [*pro hac vice* to be filed]
Nicole Kopinski [*pro hac vice* to be filed]
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6731
(312) 616-5600

Dated:  October 28, 2019               *Attorneys for Beckman Coulter, Inc.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on October 28, 2019, I caused a copy of

Answer and Counterclaims of Defendant Beckman Coulter, Inc. to be served on the following

counsel of record in the manner indicated below:

**BY E-MAIL**
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
farnan@rlf.com

**BY E-MAIL**
James R. Sobieraj
Robert S. Mallin
Brinks Gilson & Lione
455 N. Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, IL  60611
jsobieraj@brinksgilson.com
rmallin@brinksgilson@com

    */s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)

25487550.1

22