

**WILMINGTON**
RODNEY SQUARE

**Melanie K. Sharp**
P 302.571.6681
F 302.576.3333
msharp@ycst.com

**BY E-FILE AND HAND DELIVERY**                                             March 13, 2020

The Honorable Christopher J. Burke
United States District Court of Delaware
844 North King Street
Wilmington, DE  19801

      Re:   *Sysmex Corporation and Sysmex America, Inc. v. Beckman Coulter, Inc.*
            C.A. No.:  19-1642-RGA-CJB

Dear Judge Burke:

I write on behalf of my client, Beckman Coulter, Inc. ("Beckman").

**Background**

This case was filed in response to a patent infringement suit brought by Beckman Coulter, Inc. ("BCI") against Sysmex Corporation and Sysmex America, Inc. (collectively, "Sysmex"), now pending in the Northern District of Illinois.  *Beckman Coulter, Inc. v. Sysmex Am., Inc.,* No. 18-CV-6563 ("the Illinois litigation").  The Illinois litigation also involves clinical laboratory hematology analyzers.

At issue here are Sysmex patents that operate to analyze both blood and other body fluids. BCI contends that Sysmex's patented technology was well known and in use for years, and at best added only minor features that were available in Sysmex's own prior art analyzers.

In December 2019 and January 2020, BCI served discovery requests seeking documents and information relating to conception, reduction to practice, and related prior art based on, among other things, Sysmex's own activities. Exs. A, C.  Because this information was not provided in the Illinois litigation, BCI also sought to include a deadline in the Scheduling Order for production of such materials.  The Court declined to include such a deadline in the Order after Sysmex's representations that such information was forthcoming.  Sysmex, however, has not produced responsive information or documents.  Instead, Sysmex has produced only publicly available patents, file histories, and foreign court pleadings.  Sysmex has yet to produce any documents relating to its prior art analyzers that included the capability to analyze body fluids and blood.  Sysmex's interrogatory responses regarding its conception of the patented invention are also inadequate.  Sysmex has also refused to provide an identification of Sysmex's own products that it contends are covered by its asserted patents.

BCI's invalidity contentions are due on May 4, 2020. Sysmex apparently is taking a position that BCI has not yet asserted any invalidity defenses, and cannot challenge the patents under 35 U.S.C. § 102(a) due to Sysmex's priority claim to a Japanese patent application. Ex. E, pp 1-2.  But this misses the point.  BCI may challenge the propriety of Sysmex's priority claim as to the claimed subject matter, and in any event, in order to establish the universe of available prior art and evaluate it, Sysmex must state with specificity what dates it considers to be its date of conception.  This is Sysmex's burden as the patentee. *In re Steed*, 802 F.3d 1311, 1316 (Fed. Cir. 2015).  As defendant, BCI is entitled to explore these "patently relevant" facts. *IMAX Corp. v.*

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Christopher J. Burke
Page 2

*In-Three, Inc.*, 2005 U.S. Dist. LEXIS 13807, *2 (C.D. Cal. July 8, 2005) (compelling disclosure of precise conception date, actual reduction to practice date, first public disclosure date, and the date of first offer to sell or sale.) Moreover, the asserted patents name a fourth inventor who was not listed on earlier patent applications, including the Japanese application. The facts and circumstances are unquestionably relevant. These issues are ripe.

BCI identified these issues in a letter to Sysmex dated February 17, 2020. Ex. F. The parties, through their respective counsel, met and conferred on February 20, but Sysmex would not commit to any date for producing its conception/reduction to practice/prior art documents or supplementing its interrogatory responses. With the deadline rapidly approaching for BCI's invalidity contentions, BCI seeks the Court's assistance to compel production within 2 weeks.

**Sysmex Must Comply with Its Representations and Produce Documents on Conception, Reduction to Practice, and Prior Art**

In presenting the proposed case schedule to the Court, BCI sought early production of "Conception, Development and Prior Art Sysmex Documents." (D.I. 20, p. 3.). Specifically, BCI requested Sysmex production of "conception and development documents, including first sale information, and documents sufficient to show the design and operation of Sysmex's prior art products" by February 13, 2020. (D.I. 20-1, p. 2.) Sysmex responded that there was no need for a deadline in the Scheduling Order because such information would be produced "in the normal course of discovery." *Id.*

At the January 7 Scheduling Conference, Sysmex represented that it would timely produce such information. Ex. G, 19:3-7. ("[BCI has] served discovery requesting this information already. We plan to respond to that in the course of discovery.") Sysmex expressly acknowledged that BCI's discovery requests "probably require[] documents…and our due date is February 3rd [to respond to interrogatories]. So if I don't have [sic] answers to the interrogatory February 3rd and documents if not by then shortly thereafter." *Id.* at 20:6-10. The Court relied on these representations in excluding such a deadline from the schedule. *Id.* at 35:11-25 ("I think based on what I have heard today, it seems likely to me that the defendants will likely get some amount of that information by February 2020.").

In responding to the interrogatories propounded by BCI, Sysmex referred to "documents to be produced by Sysmex pursuant to Rule 33(d)." (Ex. D, Resp. to Interr. 1, 2, 3, 6.) Sysmex explicitly referred to documents to be produced "in response to BCI Request for Production Nos. 24 and 52" regarding the facts and circumstances of conception and reduction to practice. *Id.* at p. 5. But Sysmex did *not* accompany these responses with any production of documents, nor has Sysmex produced any such responsive documents in the over two months since the January 7 hearing. Rather, Sysmex has produced only publicly available documents (e.g., file histories for the family of the asserted patents and European Patent Office pleadings) that provide no details regarding the conception and reduction to practice of the claimed inventions.

Sysmex has provided no justification for its delay. In the February 20 meet and confer, Sysmex refused to provide any date by which it would produce responsive documents, and instead relied on its (insufficient) production of patent file histories.[1] Sysmex also claimed to lack knowledge

---

[1] At the end of lengthy chains of email correspondence following the February 20 meet and confer, Sysmex suggested *for the first time on March 9* that it was somehow waiting for BCI to disclose *BCI's* search methodology before even beginning *its own document collection*, even of

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Christopher J. Burke
Page 3

of its own prior art, including the Sysmex XE-Series Body Fluid Application (BFA) that was available for the XE-2000 hematology analyzer in 2005, despite it being particularly requested in BCI's document requests. E.g., Ex. A, Req. Nos. 70, 71.  Sysmex insisted that BCI send *copies of Sysmex's own documents* on the prior art XE-2000 BFA (a Sysmex 2004 brochure and a Sysmex FDA 510(k) filing), which was provided by BCI on February 20, together with a request that Sysmex provide a date for its production. Ex. E, pp. 12-13, Feigelson email to Mallin, Feb. 20, 2020.  Sysmex still has not produced any documents in response. *Id.*, pp. 3-4, Feigelson email to Mallin, March 4, 2020.  The requested documents are clearly responsive to numerous document requests, including Nos. 10, 21, 27, 60, 61, 70 and 71 (as well as Nos. 57 and 58 regarding FDA submissions, should Sysmex allege its products are covered by its patents).  BCI respectfully seeks the Court's assistance to compel production of all such information.

**<u>Sysmex Must Supplement Its Deficient Interrogatory Responses Regarding Conception, Development, and Its Covered Products</u>**

BCI's Interrogatory Nos. 1-3 are *identical* to interrogatories *served by Sysmex* in the Illinois litigation, where BCI's patent is being asserted. Ex. I (Interr. Nos. 3-5.)  There, Sysmex moved to compel supplementation of BCI's response as to conception date and circumstances.  The court compelled BCI to "specifically state, without approximation, the earliest date it intends to claim for conception and earliest date it intends to claim for reduction to practice of the asserted claims. A date range or season is not permitted in any part of the answer. BCI's answer shall include a factual description that corresponds to the dates and cites to corresponding specific document bates numbers." *Beckman Coulter, Inc. v. Sysmex Am., Inc.,* No. 18-CV-6563, 2019 WL 1875356, at *3 (N.D. Ill. Apr. 26, 2019).  Here, Sysmex has only provided an open-ended "prior to January 31, 2007" as its response.  Ex. D, p. 5.  There is little or no burden on Sysmex, however, to identify its own conception date, because the date and surrounding facts and circumstances form foundational information in a patent case. *See, e.g., Lamoureux v. Genesis Pharm. Servs.*, Inc., 226 F.R.D. 154, 160 (D. Conn. 2004) (Conception and reduction to practice dates "are incontrovertibly relevant to defenses and counterclaims based upon statutes which turn almost exclusively on such dates."). Sysmex should provide this information promptly.

Sysmex also has not identified any of its own products as being covered by the asserted patents in response to Interrogatory No. 3.  This is a surprising omission, given that: a) Sysmex alleged in its complaint that it "is in direct competition with Plaintiffs and their products, *including products that are covered by one or more claims of the Patents*," (D.I. 1, ¶ 56); and b) Sysmex's response to Interrogatory No. 1 references documents to be produced under BCI Request for Production No. 52, which relates to "any Sysmex product that allegedly practices any claim of the Asserted Patents." Thus, Sysmex's explanation that it is still "conducting an investigation" as to what it alleged in its complaint regarding its own products is unconvincing, at best. Ex. E, p. 6, Mallin email to Feigelson, March 3, 2020.  Supplementation or explanation is required.[2]

For the foregoing reasons, BCI respectfully requests the Court's assistance in ordering Sysmex to provide prompt production and discovery responses.

---

non-ESI. Ex. H.  Sysmex never raised this excuse for its delinquency before, which in any event flies in the face of its representations to the Court.

[2] Sysmex represented to BCI on March 5 that it intends to supplement its responses to Interrogatories 2 and 3 by March 27.  To the extent that Sysmex provides satisfactory responses prior to the March 23 hearing on this motion, BCI will withdraw the issue.

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Christopher J. Burke
Page 4

Respectfully,

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)

MKS:mg

cc: Kelly F. Farnan, Esquire (by e-mail)

26155397.1