

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

March 18, 2020

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Sysmex Corp. et al v. Beckman Coulter, Inc.*, C.A. No. 19-1642-RGA-CJB

Dear Judge Burke:

BCI is attempting to undo the Court's prior rejection of BCI's request for expedited discovery relating to conception and reduction to practice during the Scheduling Conference. (Ex. 1, p. 35.) Now, BCI makes incorrect statements about the progress of discovery, and still fails to articulate a legitimate reason why the Court should deviate from the standard discovery procedures, including paragraph 5b of the Default Standard.

**Sysmex Has Produced Documents and Information Regarding Conception, Reduction to Practice and Sysmex Products That Have a Body Fluid Mode**

BCI tries to give the Court the wrong impression that Sysmex has not provided documents and information relating to conception and reduction to practice. In actuality, Sysmex has produced documents in this case and identified previously produced documents in the Illinois litigation responsive to BCI's discovery requests relating to conception, reduction to practice and alleged prior art Sysmex products. For example, as explained in response to Interrogatory No. 1, the constructive conception and reduction to practice of the asserted patents is February 1, 2007 as established by the priority Japanese Patent Application No. 2007-022523. (Ex. 2.) Sysmex has already produced 12,650 pages of documents in response to BCI's production requests including the Japanese Patent Application that establishes the date of the constructive conception and reduction to practice.

In addition, other documents have been produced here and in the Illinois litigation relating to Sysmex's development of a product that has different modes for analyzing blood and other types of body fluid. For example, BCI unsuccessfully challenged the validity of the European counterpart to the patents-in-suit based on Sysmex's XE-5000 product. In this litigation Sysmex produced documents showing that the first sale of the XE-5000 having a body fluid mode occurred outside the United States less than one year before the filing date of the patents-in-suit (Ex. 3, SYSMEXUS0012607-609), and identified exemplary documents in the Illinois litigation (by Bates Number) relating to the development of that product (such as highly confidential document SCORP0641119-187). (Ex. 4.) BCI's letter neither acknowledges the production of these documents, nor explains why they are not responsive to BCI's discovery requests.

The Honorable Christopher J. Burke
March 18, 2020
Page 2

BCI also ignores that Sysmex is searching for additional documents, despite BCI's decision not to cooperate in making those efforts reciprocal. On February 20, 2020, Sysmex proposed that the parties select a date to exchange ESI search terms in accordance with the paragraph 5b of the Default Standard. BCI responded that it was not sure how it planned to meet its obligation to search for and produce documents even though it had provided written responses to Requests for Production three weeks earlier. After Sysmex followed up several times (Ex. 5; Ex. 4), on March 3, 2020, BCI responded that "to the extent there may be discrete areas of responsive documents that were not searched and produced in the Illinois action, BCI *presently intends* to search for such documents manually, without the use of keyword searching." (Ex. 6 (emphasis added).) To date, BCI has not explained how it intends to meet its discovery obligations, and has not yet decided whether email will be searched manually or using search terms.

Rather than continuing to wait for BCI to agree on a mutual protocol for ESI searching for relevant documents, Sysmex sent BCI 3-pages of proposed ESI search terms for production of Sysmex documents. (Ex. 7.) Sysmex is waiting for BCI to provide additional proposed terms or any Japanese translations that it feels are appropriate.

In sum, consistent with its representation to the Court during the scheduling conference, Sysmex did produce documents in this case relating to conception and reduction to practice in February, Sysmex identified responsive documents produced in Illinois, and Sysmex is moving forward to produce additional responsive documents "in the ordinary course of discovery." (Ex. 1, p. 19.)

BCI also ignores that its request for expedited production will create an unnecessary burden that far outweighs any imminent need for a specific subset of documents. BCI's request for an expedited production of a subset of conception and reduction to practice documents would require Sysmex to conduct time consuming and multiple piecemeal electronic searches. BCI has not demonstrated any alleged imminent need for an expedited production. BCI suggests that it needs this information because it has invalidity contentions due May 4, 2020, but BCI fails to explain how or why that due date warrants an accelerated and piecemeal production of documents. BCI's declaratory judgment counterclaims include two counts for patent invalidity (D.I. 7, ¶¶ 36-46), so BCI should be able to identify the alleged prior art in its invalidity contentions regardless of the conception, reduction to practice and development documents that have been produced to date.

BCI's reliance on Sysmex's interrogatory directed to conception and reduction to practice in the Illinois litigation is misplaced. In Illinois, BCI contended that it could swear behind a prior art reference under 35 USC §102(a) identified in Sysmex's initial invalidity allegations, but BCI failed to provide its supporting conception and reduction to practice dates and evidence in response to Sysmex's interrogatory. While BCI now argues here that "there is little or no burden on Sysmex, however, to identify its own conception date," BCI took more than 15 months in Illinois to locate and disclose information regarding the dates of its U.S.-based conception and reduction to practice. Moreover, here, Sysmex has identified a constructive conception and reduction to practice date of February 1, 2007, based on the priority Japanese Application. In Illinois, there was no priority application. In addition, here, BCI has not identified any prior art under §102(a) that allegedly

The Honorable Christopher J. Burke
March 18, 2020
Page 3

makes conception and reduction to practice relevant. In Illinois, BCI needed to establish an earlier conception date to overcome a §102(a) reference.[1]

BCI's arguments about Sysmex's alleged failure to produce documents and information about "Sysmex's own prior art" is also misdirected. Notably, BCI's Request Nos. 70 and 71 sought information about "Sysmex's XE-Series Body Fluid application" which was specifically defined as being "described in the Sysmex document entitled 'XE-Series Body Fluid Application' which bears a copyright date of 2004." (Ex. 8, p. 3.) However, this document was neither attached to the requests nor identified by a production number. Thus, Sysmex objected to the definition and requests because it did not know what document was being referred to in the requests and definition. (Ex. 9, pp. 3, 67-68.) During a meet and confer, Sysmex explained that it did not know what document was being referred to and requested a copy. BCI's present letter mischaracterizes that request as one for Sysmex's own documents, when it was an attempt to understand what BCI was seeking in Request Nos. 70-71. In any event, Sysmex has proposed ESI search terms that address the "XE-Series Body Fluid application." (Ex. 7.) Moreover, BCI's statement that Sysmex has not produced documents concerning its "own prior art" is wrong. For example, to the extent BCI alleges that Sysmex's XE-2100 product is prior art, Sysmex has produced an instruction for use manual for the XE-2100 (Ex. 10) and has proposed search terms to locate other documents relating to Sysmex products.

Finally, BCI makes a passing reference to Request Nos. 10, 21, 27, 57, 58, 60, 61, 70 and 71 as requiring immediate production. BCI identifies no alleged urgency that would require piecemeal searching for documents. More importantly, BCI ignores that responsive documents have been produced. For example, in response to Request No. 27, Sysmex produced an inventor declaration that explained why an alleged prior art analyzer did not practice any claims of the patent. (Ex. 11, SYSMEXUS0012610-622.) Sysmex even identified this responsive document (and others) by production number to BCI, yet BCI still claims that documents have not been produced. (Ex. 4.)

In sum, BCI's vague request for "the Court's assistance" here (i) ignores discovery that Sysmex has produced already and ESI searching that Sysmex is trying to move forward, (ii) seeks to disrupt the normal Default Standard procedures, and (iii) seeks to create undue and unnecessary burdens without showing any countervailing urgent need. BCI's request should be denied.

**There Is No Ripe Dispute Regarding Interrogatory Nos. 2-3**

Sysmex has agreed to supplement its responses to Interrogatory Nos. 2-3 by March 27, 2020. Nonetheless, BCI included these in the dispute. Sysmex submits that BCI's request for relief is premature as Sysmex still intends to supplement the responses by March 27, 2020.

---

[1] The cases cited by BCI are inapposite here. In those cases, there was no priority document such as the Japanese patent application establishing a constructive conception and reduction to practice.

The Honorable Christopher J. Burke
March 18, 2020
Page 4

                                              Respectfully,

                                              /s/ *Kelly E. Farnan*

                                              Kelly E. Farnan (#4395)

cc:    All Counsel of Record (via CM/ECF)