YOUNG CONAWAY

WILMINGTON
RODNEY SQUARE

**Melanie K. Sharp**
P 302.571.6681
F 302.576.3333
msharp@ycst.com

**BY E-FILE**                                                                 April 30, 2020

The Honorable Christopher J. Burke
United States District Court of Delaware
844 North King Street
Wilmington, DE  19801

      Re:   *Sysmex Corporation and Sysmex America, Inc. v. Beckman Coulter, Inc.*
             C.A. No.:  19-1642-RGA-CJB

Dear Judge Burke:

     I write on behalf of my client, Beckman Coulter, Inc. ("BCI").  The Court should compel Plaintiffs Sysmex Corporation and Sysmex America, Inc. (collectively, "Sysmex") to comply with its March 21, 2020, Order (Ex. A, D.I. 51 at Item 2) requiring Sysmex to "provide a supplemental response that fully responds to" BCI's Interrogatory No. 1 regarding the facts and circumstances surrounding the alleged conception and reduction to practice of the subject matter of each claim of the Asserted Patents and award such other relief as the Court deems just and proper.

     On April 6, 2020, Sysmex served its Court-ordered supplemental response to Interrogatory No. 1.  (Ex. B.)  On April 8, 2020, BCI informed Sysmex that the response "flouts the Court's order by failing to provide a fulsome response."  (Ex. C, Email from N. Kopinski.)  The parties met and conferred on April 17, 2020.  On April 21, 2020, Sysmex confirmed that it declined to supplement its response.  (Ex. D, Email from K. Farnan.)

     Sysmex's supplemental response is not compliant with the Court's Order for several reasons.  First, Sysmex did not provide a date of conception.  Second, Sysmex failed to provide any facts and circumstances regarding conception, instead offering only minimal facts regarding the Japanese patent filing on which it relies for its alleged "constructive conception," a phrase not commonly recognized in patent law.  Furthermore, Sysmex untimely reargues a position already rejected—that it may unilaterally withhold discoverable information relevant to BCI's invalidity defenses.

**I.     Sysmex's Failure to Provide a Conception Date**

     Sysmex's supplemental response still does not provide a date of conception.  The Court specifically and unambiguously ordered Sysmex to "identify[ ] the date(s) of conception for each claim of the asserted patents (something Sysmex did not clearly do in its prior response)."  (Ex. A.)  BCI had requested this information in its interrogatory (Ex. B at 1), but Sysmex's original response merely provided a "prior to" date (February 1, 2007) by which conception allegedly occurred.  (*Id*. at 2.)  During the telephonic hearing with the Court on March 23, 2020, the Court observed that Sysmex's original response was unclear: ". . . you didn't put a date, you put *at some time before blank*."  (Ex. E, Hrg. Tr. at 33:10–11 (emphasis added).)

     Sysmex's supplemental response does not cure this defect.  Rather, Sysmex evades the Court's Order by providing a date of "constructive conception" based on the filing of a Japanese patent application.  (Ex. B at 3.)  At the same time, Sysmex refuses to commit to February 1, 2007, as its conception date, but instead "expressly preserves the right to . . . provid[e] an earlier

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Christopher J. Burke
April 30, 2020 - Page 2

conception date if the conception date becomes relevant to any invalidity claim." (*Id*. at 4.) Sysmex's supplemental response is the same non-responsive "prior to" date, to be revealed only at some later time at Sysmex's choosing. As discussed herein, Sysmex's claimed reliance on its Japanese patent application's filing is illusory—Sysmex refuses to be bound to it.[1] Sysmex's continued refusal to provide conception date(s) of the claims of the Asserted Patents is a violation of this Court's Order.

**II.    Sysmex's Failure to Provide the Facts and Circumstances of Conception**

Sysmex also violates the Court's order by failing to provide any details surrounding the facts and circumstances of its alleged conception. BCI's Interrogatory No. 1 requests details such as location, identification of individuals and their role in conception, and identification of relevant documents. During the March 23, 2020, hearing, the Court recognized BCI's position that the interrogatory requires provision of these facts and circumstances *in addition to* the date of conception. (Ex. E at 15:3–6 ("But you're saying otherwise you don't think the substance of the answer was fulsome enough; is that right?")). The Court's Order unequivocally requires this information. Yet, Sysmex did not provide any of this information in its supplemental responses. Instead, Sysmex merely referred to "the filing of and disclosures" of its Japanese patent application. (Ex. B at 3.) Sysmex failed to provide a supplement that "fully responds" to BCI's Interrogatory No. 1, as ordered. (Ex. A.)

Sysmex's supposed justification for this aspect of its non-compliance—claiming priority to its earlier Japanese patent application—lacks merit. The Asserted Patents are not identical in subject matter to the Japanese application, but rather contain additional subject matter and figures that do not appear in the Japanese application. This calls into question the propriety of Sysmex's Japanese priority claim and brings the details and dates of Sysmex's *actual* conception (and reduction to practice) into even greater relevance. Without a fulsome response, however, BCI is unable to assess Sysmex's purported conception. Sysmex's limited supplemental response provides no insight regarding, *inter alia*, any individual's role or contribution to the alleged conception, the specific location where conception allegedly took place, or any other facts and circumstances relating to the alleged conception. Nor has Sysmex cited any documents pursuant to Federal Rule of Civil Procedure Rule 33(d). As BCI explained during the March 23, 2020, hearing, the requested information is particularly relevant to BCI's invalidity defenses in light of Sysmex's prior art XE-2100 body fluid application and because, for some related patents, there was a fourth inventor whose name was added late, but was not included in the original application. (Ex. E at 14:7–18.)

**III.   Sysmex's Attempt to Reserve Its Response to Interrogatory No. 1 for a Later Date**

During the March 23, 2020, hearing, Sysmex argued that it should be permitted to

---

[1] In a stealth and untimely run at reargument of the Court's Order, Sysmex cites an inapposite case in its supplemental response that it did not cite in its letter briefing on this issue. (Ex. B at 3 (citing *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998)); *see* D.I. 50, 3/18/2020 Pls.' Ltr. Br.) *Hyatt* addressed conception in the context of an administrative interference proceeding, which may be used when at least one pending patent application and another application or an unexpired patent contain claims covering the same or substantially the same subject matter. Because the interference proceeding in *Hyatt* was premised on the inventor "relying on the content of the patent application," the statement that "the inventor need not provide evidence of . . . conception" is inapplicable in the present litigation, where Sysmex refuses to be bound by the date and content of its Japanese application for its alleged conception. *Id*.

**Young Conaway Stargatt & Taylor, LLP**
The Honorable Christopher J. Burke
April 30, 2020 - Page 3

supplement its response later on. (Ex. E at 34:4–20.) The Court then asked BCI, "if [Sysmex]'s argument is . . . if we have to say a conception date, we'll say February 1, 2007, what would be the problem with them doing that?" (*Id*. at 36:11–15.) BCI responded that "[i]f that's a date that they're committing to . . . then that's the precise date." (*Id*. at 36:16–18.) The Court's Order adopted BCI's position by requiring Sysmex to commit to a clear conception date(s), and not allowing Sysmex to reserve its response for a later time. But Sysmex still refuses to commit to a date or provide details of conception.

Sysmex continues to take the position already rejected by the Court—that it only needs to provide a specific conception date and the facts and circumstances of its alleged conception at a later date, when and if Sysmex unilaterally deems that the information has become relevant. For example, in its supplemental response, Sysmex states that it "expressly reserves the right to supplement its response to this interrogatory as discovery proceeds by providing an earlier conception date if the conception date becomes relevant to any invalidity claim." (Ex. B at 4.) Also, in its April 21, 2020, correspondence, Sysmex stood on the sufficiency of its supplemental response, "subject to [its] ability to supplement." (Ex. D.) The date and facts surrounding conception are important for BCI to develop its arguments regarding the invalidity and enforceability of the Asserted Patents. Sysmex's non-compliance with this Court's Order has already prejudiced BCI's ability to prepare meaningful invalidity contentions. Sysmex defeats the purpose of discovery with its circular insistence that BCI first present a specific invalidity defense before providing information that might be needed to develop it or other defenses.[2]

Despite the Court's Order after full consideration of these arguments, Sysmex seeks to re-litigate the issue by citing a case in its supplemental response. (Ex. B at 4 (citing *Orexigen Therapeutics, Inc. v. Actavis Labs. FL, Inc*., 282 F. Supp. 3d 793, 805 (D. Del. 2017), *aff'd in part, rev'd in part on other grounds sub nom*. *Nalpropion Pharm., Inc. v. Actavis Labs. FL, Inc*., 934 F.3d 1344 (Fed. Cir. 2019)).) This case is fully distinguishable. *Orexigen* was in the post-trial briefing stage, and the plaintiff had identified the priority date of its provisional patent application. *Id*. The court found that the defendant did not present prior art that would require the plaintiff to prove that it was entitled to that priority date. *Id*. In contrast, the present litigation is in the written discovery stage, where "relevancy is broadly construed." *Minerva Surgical, Inc. v. Hologic, Inc.*, No. CV 18-00217-JFB-SRF, 2019 WL 5092254, at *3 (D. Del. Oct. 11, 2019). Yet, Sysmex has still not provided the Court-ordered discovery. As BCI previously noted, there remains little or no burden on Sysmex to identify its own conception date and the facts and circumstances of conception, because this is foundational information in a patent case. *See, e.g*., *Lamoureux v. Genesis Pharm. Servs., Inc*., 226 F.R.D. 154, 160 (D. Conn. 2004), *cited in* (D.I. 48, Def.'s Ltr. Br. at 3). Accordingly, BCI requests that the Court enter an order in the form attached hereto compelling Sysmex to comply immediately with its March 23, 2020, Order and awarding any additional relief it deems appropriate.

                                                                                                    Respectfully,

                                                                                                    */s/ Melanie K .Sharp*

                                                                                                    Melanie K. Sharp (No. 2501)

cc:      Counsel of Record, Kelly F. Farnan, Esq.

---

[2] The Court's Order and BCI's argument find abundant additional support in the case law. *See, e.g.*, *Broadband iTV, Inc. v. Hawaiian Telcom, In*c., No. CV 14-00169 ACK-RLP, 2015 WL 12792247, at *2 (D. Haw. June 22, 2015); *Bos. Sci. Corp. v. Micrus Corp*., No. CV 04-04072 JW (RS), 2007 WL 174475, at *1 (N.D. Cal. Jan. 22, 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION and SYSMEX AMERICA, INC. )<br>)<br>  Plaintiffs, )<br>)<br>     v. )<br>)<br>BECKMAN COULTER, INC., )<br>)<br>  Defendant. ) | C. A. No.:  19-1642-RGA-CJB<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER

Upon consideration of Defendant Beckman Coulter, Inc.'s ("Defendant") motion to compel Plaintiffs Sysmex Corporation and Sysmex America, Inc.'s ("Plaintiffs") compliance with the Court's March 21, 2020, Order (D.I. 51 at Item 2) requiring that Plaintiffs "provide a supplemental response that fully responds to" Defendant's Interrogatory No. 1 regarding facts and circumstances surrounding the alleged conception and reduction to practice of the subject matter of each claim of the Asserted Patents, "including by identifying the date(s) of conception for each claim of the asserted patents," and related letter briefing and argument,

IT IS HEREBY ORDERED that

1.  Defendant's Motion is GRANTED.  On or before May __, 2020, Plaintiffs shall supplement their response to Interrogatory No. 1 to provide all of the information requested in Interrogatory No. 1, including:

   (a)   A definite date(s) of conception for each claim of the Asserted Patents; and

   (b)   A description of the facts and circumstances of conception for each claim of the Asserted Patents, including the identification of the location of conception, the identification of individuals and their role in conception, and the identification of relevant documents, as requested in Interrogatory No. 1.

2

2. Should Plaintiffs fail to supplement their response to Interrogatory No. 1 pursuant to this Court's Order, they shall be precluded from asserting or adducing any argument or facts beyond their current disclosure.

SO ORDERED this _____ day of _____, 2020.

_____
The Honorable Christopher J. Burke
United States Magistrate Judge

26404378.1