RICHARDS
LAYTON &
FINGER

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

May 6, 2020

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Sysmex Corp. et al v. Beckman Coulter, Inc.,* C.A. No. 19-1642-RGA-CJB

Dear Judge Burke:

BCI's complaint that Sysmex did not comply with the Court's March 21, 2020 Order (D.I. 51) is unfounded. Consistent with the Court's Order, Sysmex identified "the date(s) of conception for each claim of the asserted patents" as being February 1, 2007, which is the date that the priority Japanese Patent Application was filed. Federal Circuit law expressly provides that filing a patent application can serve as both a conception date and reduction to practice date. *Hyatt v. Boone,* 146 F.3d 1348, 1352 (Fed. Cir. 1998); *see also EMC Corp. v. PureStorage, Inc.,* 204 F. Supp. 3d 749, 759 (D. Del. 2016) ("The date of invention of a patent in suit is presumed to be the filing date of the patent application unless an earlier date of invention is proved.") The filing date of the Japanese Priority application is Sysmex's present contention. Despite Sysmex having provided its present contention and explaining that the contention is supported by the priority Japanese Patent Application, BCI now seeks additional supplementation beyond what it requested previously and beyond what was discussed during the previous teleconference with the Court. (*See* D.I. 48 at 3 (requesting a conception date)); (Ex. 1, at 14:22-15:3 (Court noting that the letter was focused "pretty exclusively" on the date issue)).

BCI seeks to require Sysmex to conduct an in-depth analysis beyond its present contention to establish the earliest conception date now, even though BCI has not provided any clear reason why that date is critical or even relevant at this time. BCI's approach ignores that it has the burden of proof on invalidity and until it relies on prior art that makes the conception date an issue, forcing a patentee to investigate the details of conception is unwarranted. The approach BCI attempts to take here has been rejected by this Court. For example, in *Bio-Rad Labs., Inc. v. 10X Genomics,* No. 18-1679-RGA, D.I. 59 (D. Del. Oct. 17, 2019), Judge Andrews denied a motion to compel seeking a conception date other than the priority application filing date because the defendant had not yet set forth its invalidity contentions and had not identified any prior art that made the conception date relevant. (Ex. 2, Bio-Rad. Tr. at 9:21-10:3.); *see also EMC,* 204 F. Supp. 3d at 759 ("When a defendant challenging a patent's validity introduces alleged prior art dated before the filing date of the patent in suit, the patentee may present evidence of an earlier priority date."). Similarly, in *Virentem Ventures, LLC v. YouTube, LLC,* No. 18-917 (D. Del. Jul. 1, 2019), Judge Noreika denied a motion to compel seeking conception and reduction to practice dates because "plaintiff does not have to come forward with dates for conception [and] reduction to practice until the potential priority date is put in issue." (Ex. 3, Virentem Tr. at 23:15-24:12.); *see also, B. Braun Melsungen AG v. Terumo Med. Corp.,* No. 09-347, D.I. 60 at 3 (D. Del. Nov. 18, 2009) (motion

The Honorable Christopher J. Burke
May 6, 2020
Page 2

to compel response to interrogatory concerning conception and reduction to practice denied because defendant did not rely on any prior art that made the date relevant) (Ex. 4, Braun Order.)[1]

Here, BCI's letter does not identify any prior art that makes the conception date relevant. Further, on May 4, 2020, four days after filing its dispute letter on this issue, BCI served its invalidity contentions asserting seven prior art invalidity grounds. (Ex. 5, Invalidity Contentions, pp. 36-37.) Importantly, not a single prior art invalidity ground makes the conception date relevant. Six of the grounds are based on alleged prior art under 35 U.S.C. § 102(b) that BCI claims was available more than one year before the filing date of the asserted patents and the seventh ground is based on BCI's accused DxH products that are not prior art because they were offered and sold *after* the filing date of the Asserted Patents. *Id.* at pp. 22, 26, 28, 29, and 36-37. Thus, BCI has not established any need for Sysmex to rely upon or prove an earlier conception or reduction to practice date.

BCI also has not provided a compelling reason to ignore this Court's precedent. BCI's sole argument is that it has been "prejudiced" because BCI allegedly needs more conception information for its invalidity contentions. But that is simply not the case. BCI can provide (and has provided) its invalidity contentions regardless of the conception date, just like in other cases. (Ex. 2 at 9:21-10:3; Ex. 3 at 23:15-24:12; Ex. 4 at 3.) Indeed, BCI has not even attempted to explain how its invalidity contentions are affected by the conception date. BCI is not in a position where it must choose between prior art references or grounds for its invalidity contentions or otherwise narrow its contentions. On the contrary, BCI was not limited in any way as to the number of invalidity grounds it could submit or the number of prior art references it could rely upon in its invalidity contentions. (D.I. 40.) Under these circumstances, there is no reason to ignore this Court's precedent. (*See* Ex. 2 at 9:21-10:3 (regardless of the conception date, defendant "can make their own analysis of whether or not they think they can present prior art.")); (Ex. 3 at 23:15-24:12 (Court followed normal practice of requiring invalidity contentions before requiring a conception date even where defendant was required to narrow its contentions without conception information)).[2]

BCI's argument that Sysmex did not provide sufficient "facts and circumstances" is also

---

[1] BCI's attempt to distinguish *Orexigen Therapeutics, Inc. v. Activus Labs. FL, Inc.,* 282 F. Supp.3d 793, 805-06 (D. Del. 2017) is misplaced. BCI provides no explanation as to why *Orexigen* would not be applicable to pre-trial discovery where defendant has not identified any prior art that makes a conception date relevant. As explained above, this Court's precedent is consistent with *Orexigen.* (Ex. 2 at 9:21-10:3; Ex. 3 at 23:15-24:12; Ex. 4 at 3.)

[2] BCI's attempt to disregard this Court's precedent in place of *Broadband iTV, Inc. v. Hawaiian Telcom, In*c., No. CV 14-00169 ACK-RLP, 2015 WL 12792247 (D. Haw. June 22, 2015) and *Bos. Sci. Corp. v. Micrus Corp.*, No. CV 04-04072 JW (RS), 2007 WL 174475 (N.D. Cal. Jan. 22, 2007) fails. Neither case has facts analogous to those present here (*i.e.*, a priority Japanese Patent Application that establishes Sysmex's present contention as to conception and BCI's failure to identify even one alleged prior art ground that makes the conception date relevant). By comparison, this Court's precedent is directly on point and should be followed. (Ex. 2 at 9:21-10:3; Ex. 3 at 23:15-24:12; Ex. 4 at 3.)

The Honorable Christopher J. Burke
May 6, 2020
Page 3

wrong. Sysmex's response fully and correctly states that its present contention is that February 1, 2007 (the filing date of the priority Japanese Patent Application) is the conception date for each asserted claim and that Sysmex is relying on the filing of and the disclosures in the Japanese Application to establish the facts and circumstances to support its present contention surrounding the conception and reduction to practice dates. BCI wrongly argues that this response is insufficient because the Japanese Application is not identical to the asserted patents. However, they do not have to be identical. *See Martek Biosciences Corp v. Nutrivona, Inc.,* 579 F.3d 1363, 1369 (Fed. Cir. 2009). BCI misleadingly argues that the conception information is "particularly relevant" to its invalidity defense based on the XE-2100. However, BCI's invalidity counterclaim alleges that the XE-2100 is prior art under 35 U.S.C. § 102(b) (*i.e.*, on-sale bar), and thus renders conception information irrelevant. (D.I. 7, ¶ 19 (BCI alleges that Sysmex made and sold the XE-2100 "more than one year prior to the filing date of the patents in suit.")). BCI's Invalidity Contentions served on May 4, 2020 confirm that the conception date is not relevant to its defense based on the XE-2100. (Ex. 5 at p. 22.) BCI also argues that the conception information is relevant to inventorship for some unexplained reasons that are not clear from its letter. Nonetheless, Sysmex's supplemental response clearly identifies the roles of Messrs. Nagai, Narisada, Fukuma and Imazu as inventors of the subject matter. (Ex. 6, Suppl. ROG 1 resp., pp. 3-4.)

Finally, BCI remarkably argues here that "there remains little or no burden on Sysmex to identify its own conception date and the facts and circumstances of conception"; but in the Illinois case, BCI took more than 15 months to locate and disclose information regarding the dates of its U.S.-based conception and reduction to practice. Further, unlike this case, in the Illinois case, the conception date was relevant because the invalidity contentions included prior art pursuant to 35 U.S.C. § 102(a) that BCI was attempting to swear behind with an earlier conception date. In this case, the burden for Sysmex to determine the conception date based on work that occurred in Japan over 13 years ago far outweighs the need for this discovery at this time. Indeed, Judge Andrews characterized the burden to provide a conception date before there is prior art that makes the date relevant as being an "idle exercise." (Ex. 2 at 3:17-25.) That is the exact situation here as BCI's Invalidity Contentions do not make the conception date relevant. Nonetheless, to the extent BCI is seeking other development information, it has served document requests, and Sysmex is in the process of searching for responsive documents that were not already produced in the Illinois litigation. If appropriate, Sysmex will supplement its response to Interrogatory No. 1 as its collection of documents and investigations uncover additional information. The Court expressly recognized the opportunity to supplement if there was a "reason to do so later in the case." (Ex. 1. at 34:4-20; 13:12-23.) Indeed, BCI does not argue that Sysmex is not entitled to supplement its response and has not cited any legal authority that would even support such an argument.

Accordingly, for the reasons stated above, BCI's motion should be denied.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)