**RICHARDS LAYTON & FINGER**

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

October 14, 2021

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Sysmex Corp. et al v. Beckman Coulter, Inc.*,
      C.A. No. 19-1642-RGA-CJB

Dear Judge Burke:

Sysmex moves the Court for an order compelling production of John Roche's (a BCI expert) annotations of Dr. Robinson's (a Sysmex Expert) validity report ("Annotated Report") and compelling the deposition of Roche to finish his re-cross examination.

**I.  Roche's August 6, 2021 Deposition:**  On August 6, 2021, Roche was deposed regarding opinions disclosed in his expert reports, including his July 16 report that responded, *inter alia*, to Dr. Robinson's validity report.  Very early in his deposition, Roche was asked if he had read the entirety of Dr. Robinson's validity report, and Roche responded: "You would know I was lying if I said I read the whole thing.  So no, I did not read the entirety of Dr. Robinson's invalidity report." (Ex. 1, 17:14-22, 18:7-13.)  He then stated that he reviewed "the first 20 percent" of that report, specifically to paragraph 283 on page 127.  (*Id.* at 18:14-21, 20:1-21:7.)  Roche's deposition continued thereafter, with Roche often taking 5-10 minutes to answer individual questions. Sysmex's cross was on the record for a total of 7 hours and 20 minutes before BCI halted the cross.

BCI then conducted a 40-minute re-direct of Roche including many leading questions to suggest that Roche reviewed more of Dr. Robinson's validity report than he testified earlier in the day.  In response to one of those questions, Roche testified "Yes, I believe I annotated, on the documents that I can write on, I annotated the details of the 600-page document fairly well in the document I was reviewing."  (*Id.* at 207:14-24.)  Upon finishing the re-direct, BCI informed Sysmex for the first time that Roche had to leave for a flight in 20 minutes.  (*See id.* at 242:9-12.) During re-cross, Roche confirmed that his annotated report would show what paragraphs he reviewed in Dr. Robinson's report; but then he was instructed not to answer questions about his review of the report.  (*Id.* at 233:10-239:15.)  Roche was asked to access his laptop to review the Annotated Report, but he testified: "I'm not sure I would remember my password," and was instructed not to do so by BCI's counsel because it was "work product."  (*Id.* at 241:3-243:2.) Well before Sysmex could complete its re-cross, BCI again halted the questioning.  While still on the record, Sysmex requested production of the Annotated Report, but BCI refused, claiming that it is work product.  Sysmex requested a meet and confer on the record, but BCI refused.  (*Id.* at 252:6-255:18.)  BCI and Roche then walked out of the deposition.  (*Id.* at 255:19-257:9.)

The Honorable Christopher J. Burke
October 14, 2021
Page 2

**II. The Annotated Report Is Not Work Product And Should Be Produced:** The Annotated Report is relevant and proportional to the needs of the case per Fed. R Civ. P. 26. In response to BCI's questions, Roche testified about the Annotated Report to show which paragraphs of Dr. Robinson's validity report that he reviewed. (*Id.* at 207:14-24.) The Annotated Report should be easy to acquire; it is one document that can be accessed via One Drive. (*Id.* at 234:20-235:4.)

Multiple cases have found that notes made by experts on documents from the opposing party are not protected as work product. *Wenk v. O'Reilly* found that notes made by an expert witness in the margins of depositions were not work product because the notes were "facts or data." No. 2:12-CV-474, 2014 WL 1121920, at *4 (S.D. Ohio Mar. 20, 2014). A case in the Third Circuit expanded upon *Wenk*, finding that the plaintiff's expert reports that had notations on them from the defendant's expert witness were not protected as draft reports or as attorney-expert communications. *Windowizards, Inc. v. Charter Oak Fire Ins. Co.*, No. 13-7444, 2015 WL 1402352, at *2 (E.D. Pa. Mar. 26, 2015). *Windowizards* also found the annotated reports were not prepared in anticipation of litigation or for trial and had to be produced.[1] *Id.* The Annotated Report in this case, which is Plaintiffs' expert report (Dr. Robinson's validity report) with notations on it from Defendant's expert (Roche), should be treated similarly as the notes in *Wenk* and *Windowizards*.

Additionally, even if the Annotated Report is work product, any privilege has been waived by Roche's testimony. In response to a re-direct question from BCI's counsel, Roche voluntarily injected the Annotated Report into the case. There appears to be a dispute between the parties regarding which paragraphs of Dr. Robinson's validity report Roche reviewed and the Annotated Report is part of that dispute. This is similar to another case from this District, where the plaintiff's corporate representative described a settlement algorithm during a deposition, but the plaintiff refused to produce the document containing the algorithm on privilege and work product grounds. *Princeton Digital Image Corp. v. Office Depot, Inc.*, No. 13-239-LPS, 2017 WL 3264068, at *2 (D. Del. Aug. 1, 2017). The Court found that the plaintiff "cannot 'use the privilege as a sword rather than a shield,' and thereby 'divulge whatever information is favorable to [the client's] position and assert the privilege to preclude disclosure of the detrimental facts.'" *Id.*

**III. BCI's 40-Minute Re-Direct Warrants Additional Time For Re-Cross:** BCI re-directed Roche for 40 minutes and "opened a lot of doors" on issues that were not addressed in Roche's cross, and then, with a question pending, abruptly ended Sysmex's re-cross. (Ex. 1, 243:7-16, 252:6-257:6). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." Fed. R Civ. P. 30(d)(1). BCI brought up new issues on re-direct, so more time is needed to fairly examine Roche on those issues. Additionally, if BCI produces the Annotated Report, more time would be needed to examine him on his annotations. Thus, Sysmex requests 90 minutes on the record to complete Roche's re-cross, as long as Roche does not continue to take 5-10 minutes to answer individual questions.

---

[1] Even if the annotated report was work product, it should still be produced because Sysmex has a substantial need for it to test the veracity of Roche's new testimony, and the information is unavailable elsewhere. Fed. R Civ. P. 26(b)(3)(A)(ii).

The Honorable Christopher J. Burke
October 14, 2021
Page 3

                                                Respectfully,

                                                */s/ Kelly E. Farnan*

                                                Kelly E. Farnan (#4395)

cc:    All Counsel of Record (via CM/ECF)