# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION and SYSMEX AMERICA, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BECKMAN COULTER, INC., )<br>)<br>Defendant. ) | C.A. No. 19-1642-RGA-CJB<br><br>**REDACTED**<br>**PUBLIC VERSION** |

### PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING RESPONSE TO DEFENDANT'S OCTOBER 14, 2021 LETTER (D.I. 371)

OF COUNSEL:
James R. Sobieraj
Robert S. Mallin
Joshua H. James
Daniel A. Parrish
Crowell & Moring
455 North Cityfront Plaza Dr., Suite 3600
Chicago, IL 60611-5599

Alexis White
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595

Dated: October 20, 2021

Kelly E. Farnan (#4395)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Plaintiffs Sysmex Corporation and Sysmex America, Inc.*

**RICHARDS LAYTON & FINGER**

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

October 20, 2021

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**REDACTED
PUBLIC VERSION**

Re: *Sysmex Corp. et al v. Beckman Coulter, Inc.,*
C.A. No. 19-1642-RGA-CJB

Dear Judge Burke:

While BCI has attempted to withdraw its discovery motion (D.I. 371), there was no meet and confer regarding BCI's attempted withdrawal, and Sysmex believes the motion raised issues that are not moot. Despite BCI's purported withdrawal of the motion, Sysmex seeks clarity regarding the scope of BCI's supplemental expert reports and invalidity contentions "in light of the August 20, 2021 Supplemental Expert Report of Vijay Madisetti, Ph.D. Regarding The XE-5000 Being Covered By The Asserted Claims, and the September 28 deposition of Mr. Masanori Imazu." (*See* D.I. 373, ¶¶ 24-25.) During the parties' meet and confers and in submission of the proposed Scheduling Order, BCI never explained the exact topics on which it seeks to supplement its expert reports. BCI's discovery letter similarly fails to identify what issues it will supplement, but it implies that BCI will raise new theories and defenses never before asserted in this case. (D.I. 371.) Nonetheless, BCI's letter fails to provide good cause for raising any new theories and defenses that could have been raised long ago. BCI seems to take the position that the Court's resolution of scheduling disputes authorized these reports on any topic, without limitation; Sysmex requests clarification on that point.

For example, BCI's discovery letter states that Imazu's deposition testimony "underscores defenses under 35 U.S.C. § 102(f)." (D.I. 371 at 2.) Notably, neither BCI's initial nor its final invalidity contentions include any § 102(f) defenses. Likewise, none of its expert reports mention a § 102(f) defense. When seeking to stay the case in order to depose Imazu, BCI explained that "Imazu can confirm the contributions to the conception of the purported invention by others." (D.I. 345 at 2.) However, Imazu did not provide any information about any alleged invention by others; and instead confirmed that the inventorship of the patents is correct. Ex. 1 (Imazu Dep. Tr.), 26:8-29:5, 143:8-145:20.

BCI's prior statements indicate that BCI's § 102(f) inventorship defense will be *based on documents produced more than one year ago in August 2020*. For example, BCI admitted that it was well-aware of these documents and its alleged theory under § 102(f) as evidenced by BCI's statements to the Court during the August 3, 2021 hearing: "there are e-mails suggesting that the alleged invention had been invented by individuals other than the named inventors." Ex. 2, (Court Tr., Aug. 3, 2021) 59:22-25. Further showing that BCI has been laying in the weeds on its

The Honorable Christopher J. Burke
August 20, 2021
Page 2

inventorship defense, BCI told the Court that during an expert deposition, it asked "Sysmex's technical expert about one of these documents, and he didn't know anything about it." Ex. 2, 60:3-6. It is not surprising that Sysmex's expert had no knowledge because BCI had never raised an inventorship defense or previously relied on the document relating to any issue in this case.

BCI more recently advised the Court: "Mr. Imazu's confirmation that the inventors lacked any explanation for *evidence establishing that the invention was previously made by others*." (D.I. 369 at 3.) This statement suggests that BCI believes that it *already had* evidence establishing that the invention was previously made by others going into the September 28 deposition of Imazu. Imazu's deposition did not reveal this evidence; BCI had it for over a year. Indeed, Imazu did not recall the document that BCI apparently believes will support that the invention was previously made by others. *See, e.g.*, Ex. 1, 82:9-84:24. Further, BCI's discovery letter cites to its Ex. G as purported support for BCI's newly disclosed inventorship theories. (D.I. 371 at 2.) However, Mr. Imazu is not an author or recipient of Ex. G, *which was produced on **August 17, 2020***, and Ex, G was never shown to Mr. Imazu or any other witness during a deposition. There is no reason that BCI could not have timely added its § 102(f) inventorship defense to its invalidity contentions. Because of this improper delay, BCI has not shown good cause for expanding the scope of its supplemental expert reports and invalidity contentions to include the § 102(f) inventorship defense.

While Sysmex still is not aware of the full scope of what BCI intends to do, this is just one example of how BCI may be seeking to expand the scope of the case at the last minute. Because BCI had not disclosed these theories to Sysmex or the Court before the Scheduling Order issued, Sysmex respectfully requests that the Court clarify that the Scheduling Order does not constitute authorization for BCI to add any new issue to the case, and that BCI be required to show good cause for any new theories raised in its supplemental expert reports or contentions that will be served on October 29, 2021.[1]

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)

---

[1] Sysmex understands that the November 1 hearing on this discovery dispute will occur after BCI submits its supplemental expert reports and contentions on October 29, 2021. However, if BCI submits reports and contentions with new theories, such as an inventorship defense based on documents produced in August 2020, and cannot show good cause for not having raised these new theories earlier, then they should not be allowed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2021, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

| BY E-MAIL | BY E-MAIL |
|---|---|
| Melanie K. Sharp | David M. Airan |
| James L. Higgins | Wesley O. Mueller |
| Young Conaway Stargatt & Taylor, LLP | Aaron R. Feigelson |
| 1000 North King Street | Nicole E. Kopinski |
| Wilmington, DE 19801 | Wallace H. Feng |
| | Leydig, Voit & Mayer, Ltd. |
| | Two Prudential Plaza, Suite 4900 |
| | Chicago, IL 60601 |

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)