RICHARDS
LAYTON &
FINGER

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

January 28, 2022

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    ***Sysmex Corp. et al v. Beckman Coulter, Inc.,***
               **C.A. No. 19-1642-RGA-CJB**

Dear Judge Burke:

The parties provide below their respective views as required by the Court's January 10, 2022 oral order (D.I. 434) concerning the summary judgment hearing now scheduled for February 25, 2022 (D.I. 441). The Court's order requested that the parties file a joint letter regarding: "(a) whether the parties are jointly requesting that the hearing be converted to an in-person hearing; (b) how much time should be allocated for the hearing; (c) whether any of the pending summary judgment and/or Daubert motions shall be submitted on the papers; and (d) the order in which the motions will be argued."

      **(a) whether the parties are jointly requesting that the hearing be converted to an in-person hearing.**

      **Sysmex's Position**: The Court's order states that "the hearing will be held via a videoconference platform. However, the Court would consider holding the hearing in person with a limited number of attorneys in attendance if both sides wished to do so." (D.I. 441). Sysmex does not agree to an in-person hearing for several reasons. First, Sysmex's client representatives would not be able to attend an in-person hearing. Second, two members of the Sysmex team who will present argument cannot travel on February 24 or February 25 due to a previously scheduled medical procedure on the 24th and pre-existing family commitments on the 25th. Third, Sysmex does not know how many attorneys from each side would be allowed in the courtroom, and therefore does not know if all of its attorneys that need to be present during the hearing can participate if the hearing is in-person.

      **BCI's Position**: BCI requests that the hearing be held in-person, or at least with an option for parties to attend in-person. Sysmex's objections to an in-person hearing are not well founded. The hearing was already moved from February 11 at Sysmex's request due to lead counsel's travel schedule. BCI did not object to rescheduling because Sysmex represented that it was available, without any further conflicts, for any February date after February 16, 2022. In-person hearings are, of course, generally preferable to those conducted by video conference. Among other things, in-person hearings permit greater interaction and responsiveness, and prevent counsel from using

■ ■ ■

The Honorable Christopher J. Burke
January 28, 2022
Page 2

technology—including communications with others—in ways that would not be tolerated in open court.  In addition, video conferences are prone to technical issues. For example, at the October 2020 *Markman* hearing, Sysmex's counsel could not be heard. (Hrg. Tr., 134:19–135:2.)  To the extent any counsel or party representatives wish to attend remotely, that counsel should make arrangements for in-courtroom technology to permit remote attendance of identified individuals.

**(b) how much time should be allocated for the hearing**

The parties agree that a total of 3 hours of argument time should be allocated for the hearing, but disagree on how those three hours should be structured.  The parties' respective positions on structuring the hearing are addressed under subparts (c) and (d) below.

**(c) whether any of the pending summary judgment and/or Daubert motions shall be submitted on the papers (to allow more time for argument on the remaining motions), or alternatively, whether the parties intend to present argument as to each such pending motion during the hearing;**

The parties agree that each side may select up to five issues in its respective motions for oral argument, and any issue in the motions that is not presented for argument will be submitted on the papers.

Sysmex proposes to argue the following issues raised in its motions in the following order as time permits:

1. Dismissal of BCI's inequitable conduct defenses and counterclaims (D.I. 407, Section IV)

2. Dismissal of BCI's invalidity defenses and counterclaims based on the Advia2120 product (D.I. 407, Section V)

3. Dismissal of BCI's invalidity defense and counterclaim based on derivation (D.I. 407, Section VI)

4. Exclusions of portions of Mr. Rosen's expert reports that are not based on the Asserted Claims for failure to comply with FRE 702 and *Daubert* (D.I. 407, Section X.L)

5. Exclusions of portions of Mr. Rosen's expert reports . based on Non-Asserted Patents for failure to comply with FRE 702 and *Daubert* (D.I. 407, Section X.M)

BCI proposes to argue the following issues raised in its motions in the following order as time permits:

1. Non-infringement ("controller") (D.I. 413, Section V.B)

2. Invalidity (§ 101) (D.I. 411, Section I)

The Honorable Christopher J. Burke
January 28, 2022
Page 3

       3. Non-infringement ("multi-mode detector") (D.I. 413, Section V.C)

       4. Non-infringement ("poly-nucleated") (D.I. 413, Section V.D.)

       5. Daubert motion on Haas opinion (failure to apportion) (D.I. 415, Section V.A)

**(d) the order in which the motions will be argued**

**Sysmex's Position**: Sysmex proposes that the 3-hours be divided into two 90-minute segments: one 90-minute segment for Sysmex's motions, and one 90-minute segment for BCI's motions.  Each 90-minute segment would be divided equally, so that each side has 45 minutes.  The Court will keep track of each side's time in chess-clock fashion.  To try to reach agreement on all issues, Sysmex offered for BCI to go first on its motions as BCI believes its dispositive motions should be argued first.  In that case, BCI's motions will proceed in the first 90-minute segment, and Sysmex's motions will follow in the second 90-minute segment.  It is unclear why BCI rejected this proposal, which both gives it half the time for the hearing and allows it to proceed first.

Sysmex submits that its proposal is fairer than BCI's proposal because Sysmex's proposal ensures that each side has the same amount of time to address their respective motions and respond to the other party's motions.  Thus, it will not matter if BCI's or Sysmex's motions are argued first because equal time is applied to both sets of motions.  If the 3-hour hearing is not divided equally between the parties' motions, one motion could eat up a disproportionate time in the hearing.  For example, under BCI's proposal, it would go first, and could use a disproportionately large amount of its argument time on its first issue.  This would force Sysmex to choose between also using a comparably large amount of its argument time on BCI's motions or leaving BCI's arguments unrebutted in order to save time for arguments regarding Sysmex's motions.  One the other hand, Sysmex's proposal provides equal amounts of time to each parties' motions and avoids the possibility of one party being prejudiced on its motions.

If BCI's position is selected, Sysmex requests that it goes first as the plaintiff.

**BCI's Position**: BCI agrees that each side should be permitted 90 minutes of total argument with the Court controlling time according to a chess clock.

BCI also proposes that the parties alternate their issues. For example, BCI would argue its first motion and Sysmex would then respond, Sysmex would then argue its first motion and BCI would respond, and so forth until all ten motions are argued.

Beyond this, BCI proposes there be no set allocation of time for any particular motion or set of motions. BCI requests that each side allocate its 90 minutes without restriction as to arguing for or opposing a specific motion. This approach offers each party the right to decide, for itself, how much time to devote to any particular motion or response. It is not up to Sysmex to decide that BCI is using a disproportionately large amount of time for any of its motions. As with trials in this District Court, each party has to manage its own clock and each party should have the opportunity to spend as much or little time as it deems necessary and appropriate to present its case

The Honorable Christopher J. Burke
January 28, 2022
Page 4

and defenses. BCI's proposed approach is easy to manage with a simple chess clock set to an equal 90 minutes per side, with no additional variables to track.

Respectfully,

/s/ Kelly E. Farnan

Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)