YOUNG CONAWAY

WILMINGTON
RODNEY SQUARE
**Melanie K. Sharp**
P 302.571.6681
F 302.576.3333
msharp@ycst.com

May 6, 2022

**BY E-FILE**
The Honorable Christopher J. Burke
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Sysmex Corp. & Sysmex America, Inc. v. Beckman Coulter, Inc.* No. 1:19-cv-01642-JFB-CJB

Dear Judge Burke:

This Court should stay this case because it is wholly improper for a jury to decide facts that that the parties have already litigated and that Sysmex has appealed to the Federal Circuit.

## I. Unless This Action Is Stayed, the Validity of Claims 7–15 Will Be Tried to the Jury

Sysmex's primary argument—that a stay "will not simplify any issues" because claims 7–15 of the '351 Patent will not be tried—is simply wrong. Sysmex dropped its infringement charge as to those claims, but they remain a part of BCI's invalidity counterclaim:

> Sysmex narrowed its asserted claims on October 8, 2021, to claims 1, 4, 9, 12, 18–21, 27 and 28 of the '350 patent, and claims 1, 4, 6, 16, 17, 21 and 23–26 of the '351 patent. (D.I. 368.) *BCI maintains its declaratory judgment counterclaim of invalidity with respect to all of these claims, and also to claims 7–15 of the '351 patent.*

(Ex. 9 at 2 n.1 (emphasis added).) Indeed, because claims 7–15 are still at issue, both parties proffered conflicting expert opinions regarding their invalidity. (Ex. 10 ¶¶ 112–131; Ex. 11 ¶¶ 97–140.) Sysmex's expert, Dr. Robinson, even offered an opinion that directly contradicts the FWD. (Ex. 11 ¶ 97.) That both parties prepared experts to try these claims refutes Sysmex's argument that "[t]he jury in this case will never deliberate these claims." (Opp. at 1.)

The FWD, if affirmed, establishes that claims 7–15 are invalid. A stay until the Federal Circuit issues its decision is therefore appropriate because it will simplify the issues for trial. And, it would be wasteful to ask the Court, the jury, and the parties to determine this same issue again, particularly given the likelihood that all of this work will be undone by a subsequent decision.

## II. The PTAB's Factual Determinations Affect *Every* Asserted Claim

Sysmex next argues that "an affirmance of the FWD would not have any effect on any of the remaining asserted claims." (Opp. at 2.) This is also false. BCI's initial and final contentions challenge *every* asserted claim on the same factual basis as that determined with respect to claims 7–15. (Ex. 12 at 9–12; Ex. 13 at 12–13, 16-17.) Their experts have also opined on this issue for all asserted claims. (Ex. 10 ¶¶ 132–138; Ex. 11 ¶¶ 141–146.) Indeed, if the FWD truly had no impact on the remaining claims, Sysmex would have stipulated to its facts rather than litigating this stay motion. It is *because* the FWD impacts the remaining claims that Sysmex is pursuing its appeal.

Sysmex's strategy to patent the specific detectors as used in the accused products had both risk and potential rewards. Narrow claims may, in some instances, present a better argument for infringement. However, if the specification lacked written description for Sysmex's narrower claims, then its broader generic claims also lack written description.

This is not the first time a patentee tried such a gambit. In *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299 (Fed. Cir. 2008), for example, the specification originally described a "customer interface" located only on a vending machine. The patentee subsequently broadened the

written description to allow the "customer interface" to be located on a laptop. The generic claims were properly construed to cover either location, but they were not entitled to the original filing date because the original specification did not adequately support the broader claims. *Id.* So, too, here. In 2019, Sysmex drafted claims to specific detectors as used in the accused products, but those claims only brought into sharp focus the fact that the 2008 specification lacked written description for claims that broadly and generically covered all body fluid detector arrangements.[1]

Written description is a factual inquiry. And, the PTAB determined *as a fact* that the specification does not support claims to detectors as used in the accused products. Because of this, all of Sysmex's broader claims, which generically recite detectors for use in the alleged "body fluid" mode, are not supported by specification. *See ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1378 (Fed. Cir. 2009) (finding "spikeless claims" invalid for lack of written description "because they do not include a spike limitation" as described by the specification). Other cases cited by BCI in its opening letter, including *Gentry Gallery* and *Lizardtech*, reach the same conclusion. Nothing Sysmex argues in opposition changes this law.

### III. The PTAB's Factual Determinations, if Affirmed, Apply to All Remaining Claims

For its third strike, Sysmex incorrectly argues that affirmance "would only have a preclusive effect on the 'same claims' addressed in the IPR." (Opp. at 3.) That is not the holding of *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). Rather, "an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions." *Id.*; *see also SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341, 1347 (Fed. Cir. 2021). Indeed, this Court has applied the PTAB's factual determinations to summarily invalidate *different* claims that were not part of the FWD. *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. 14-CV-01102-RGA, D.I. 213 (D. Del. Mar. 31, 2021). (Ex. 14.)

The practical problem right now is what to do with the PTAB's factual determinations. If Sysmex had not appealed, or if the FWD had already been affirmed, BCI would apply these binding determinations to its written description and enablement defenses and Sysmex would not be free to counter these facts. The appeal changes that. The facts are in limbo. Given this uncertainty, the only practical way forward is to await the Federal Circuit's decision.

### IV. This Motion Is Timely and Was Brought as Soon as Possible

Sysmex spends much of its letter rehashing a prior motion to stay that BCI withdrew, but the posture of the case today is dramatically different than it was at that time. The parties are no longer awaiting an IPR decision. It has been issued and it impacts all asserted claims. BCI immediately brought the FWD to the attention of the Court (*see* D.I. 479, 482), but it could not have brought this motion at that time. Had Sysmex not appealed, BCI would not have brought this motion. Sysmex waited almost the full two months to file its appeal, and it then delayed another six days to meet with BCI on this motion. It is not BCI who has delayed here. Also, contrary to Sysmex's argument, BCI did not delay in filing its IPR petition, which by statute could not have been filed prior to June 4, 2020. 35 U.S.C. § 311(c)(1).

### V. A Stay Will Not Unduly Prejudice Sysmex

Sysmex does not dispute that the accused products have been on sale since 2008. It was only after BCI sued Sysmex that Sysmex attempted in 2019 to stretch its patents to cover the accused products. Given that it waited more than a decade to pursue these claims, it can wait a bit longer for the Federal Circuit to resolve an appeal that is dispositive of this entire action.

---

[1] Sysmex attempts to distinguish *PowerOasis* by arguing that it filed a continuation application and not a continuation-in-part application, but this only confirms that the broader claims are invalid for lack of written description. *See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co.*, 264 F.3d 1111, 1120 (Fed. Cir. 2001).

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
May 6, 2022 - Page 3

                                           Respectfully,

                                           */s/ Melanie K. Sharp*

                                           Melanie K. Sharp (No. 2501)

cc:    Counsel of Record, Kelly F. Farnan, Esquire (by e-mail)