IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION; and SYSMEX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECKMAN COULTER, INC., <br><br> Defendant. | CIVIL ACTION NO. 19-1642-JFB-CJB <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the report and recommendation regarding plaintiffs' motion for partial summary judgment of no inequitable conduct, D.I. 406; D.I. 407 at 14–28, issued by Magistrate Judge Christopher J. Burke. D.I. 499. Plaintiffs Sysmex Corporation and Sysmex America, Inc. (jointly, "Sysmex") have objected to the report and recommendation, D.I. 502, and Defendant Beckman Coulter, Inc. ("BCI"), responded to the objections, D.I. 505. The Court adopts the magistrate judge's recommendations in full, overrules Sysmex's objections, and denies the portion of Sysmex's summary-judgment motion relating to inequitable conduct.

I.     **STANDARD OF REVIEW**

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

1

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation" ("R&R"). *See Long Branch*, 866 F.3d at 99–100. "Parties 'may serve and file specific written objections to the proposed findings and recommendations . . . .'" *Id.* at 99 (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

## II.   BACKGROUND

Sysmex is the assignee of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against BCI for patent infringement, D.I. 1, and BCI asserted inter alia, an inequitable-conduct counterclaim and affirmative defense. D.I. 302 at 11,

13–38, 41. BCI claims that Sysmex's prosecuting attorney, Tadashi Horie, and two inventors of the asserted patents, Takaaki Nagai and Noriyuki Narisada, purposely withheld material prior-art information relating to Sysmex's earlier XE-2100 hematology analyzer during the prosecution of the asserted patents. *Id.* at 14–15. Specifically, BCI claims Horie, Nagai, and Narisada withheld three pieces of information from the USPTO: the XE-2100 Main Unit Manual, the XE-2100 IPU Manual, and the XE-2100 with Body Fluid Application. *Id.* at 13–15. BCI claims that had the USPTO been aware of this information regarding the XE-2100 analyzer, it would not have issued the '350 and '351 patents. *Id.*

## III. INEQUITABLE CONDUCT

### A. Law

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287 (citing *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)). "The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." *Id.* (citing *Star Scientific*, 537 F.3d at 1365). "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Id.* at 1290 (citing *Larson Mfg. Co. of S.D., Inc. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1340 (Fed. Cir. 2009)). "However, to meet the clear and convincing evidence

standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Scientific,* 537 F.3d at 1366).

### B. Correct Standard

The Magistrate Judge determined that BCI was not required at the summary-judgment stage to prove its inequitable-conduct case as it would at trial. D.I. 499 at 8. That is, while at trial BCI bears the burden of proving that a specific intent to deceive is the single most reasonable inference that can be drawn from the evidence, *Therasense,* 649 F.3d at 1290, at the summary-judgment stage, the proper inquiry is whether, drawing all inferences in BCI's favor, BCI "has mustered sufficient evidence such that, at the trial stage, a factfinder could reasonably conclude that deceptive intent is the single most reasonable inference." D.I. 499 at 9 (citing *Alcon Rsch., Ltd. v. Apotex, Inc.*, No. 1:09-CV-102-RLY-TAB, 2013 WL 2244338, at *8 (S.D. Ind. May 21, 2013)). Sysmex objects to this finding, arguing the Magistrate Judge misapplied the law and that BCI should be required to produce evidence demonstrating deceptive intent is the single most reasonable inference to be drawn from the evidence. D.I. 502 at 5–8.

The Court agrees with the Magistrate Judge's application of the legal standard. As the Magistrate Judge pointed out, as the non-moving party on summary judgment, "BCI should not be required to prove its case now." D.I. 499 at 8. Applying both the law regarding inequitable conduct and the standard for granting summary judgment, the Court agrees that the correct inquiry is whether, viewing the evidence in the light most favorable to BCI, no reasonable trier of fact could find that deceptive intent was the single most reasonable inference.

### C. Inequitable Conduct

Turning to the application of this standard to the present motion, the Magistrate Judge determined that there was sufficient evidence by which the factfinder could determine that Horie, Nagai, and Narisada knowingly and intentionally deceived the PTO by withholding material information. D.I. 499 at 10–15. Sysmex objects to this finding, arguing there is insufficient knowledge of deceptive intent because the evidence of Horie, Nagai, and Narisada's familiarity with the XE-2100 is too attenuated in time from the prosecution of the asserted patents and indicates only a passing familiarity with the XE-2100. D.I. 502 at 8–14. Sysmex also argues that even if Horie, Nagai, and Narisada once possessed information about the XE-2100, there is no evidence that they recalled it at the time they prosecuted the patents in suit. *Id.* at 13–14.

The Court finds the Magistrate Judge's was correct in finding evidence by which a reasonable factfinder could determine Horie, Nagai, and Narisada acted with the intent to deceive the USPTO by failing to disclose information in their possession about the XE-2100. In particular, Horie, the prosecuting attorney, was Sysmex's long-standing attorney and was familiar with its line of hematology products, including the XE-2100 with Body Fluid Application. He also cited to references during prosecution of the '350 and '351 patents which suggests his familiarity with the XE-2100 during the relevant timeframe, contrary to Sysmex's objection.

As to Nagai and Narisada, there is also evidence by which the factfinder could infer they had knowledge of the withheld information at the time of the prosecution of the asserted patents. Both were involved in the development of the XE-2100 itself and there was evidence implying they had been kept up to date on the inventions' progress during

5

the relevant timeframe.  Accordingly, the Magistrate Judge was correct in concluding that Sysmex's motion for summary judgment must be denied as to BCI's claims of inequitable conduct and the Court overrules Sysmex's objection.[1]

## IV.   CONCLUSION

After carefully reviewing the report and recommendation, the Court finds the magistrate judge is correct in all respects and adopts his report and recommendation, D.I. 499, in its entirety.

THEREFORE, IT IS ORDERED:

1. Plaintiffs' objections, D.I. 502, are overruled;

2. The Court adopts magistrate judge's report and recommendation, D.I. 499, in its entirety; and

3. Plaintiffs' motion for partial summary judgment of no inequitable conduct, D.I. 406; D.I. 407 at 14–28, is denied.

Dated this 31st day of May, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] BCI argues Sysmex's objection should also be overruled because it violated the Court's Standing Order for Objections dated March 7, 2022.  D.I. 505 at 5.  Because the Court overrules Sysmex's objection as stated herein, it need not address BCI's alternative argument for denying the objection based on failure to follow the Court's standing order.