IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYSMEX CORPORATION; and SYSMEX
AMERICA, INC.,

          Plaintiffs,

    v.

BECKMAN COULTER, INC.,

          Defendant.

CIVIL ACTION NO. 19-1642-JFB-CJB

MEMORANDUM AND ORDER

This matter is before the Court on the Oral Report and Recommendation of the magistrate judge.  D.I. 507.  The Report and Recommendation grants the portion of Sysmex's motion for summary judgment, D.I. 406, that seeks judgment as to Beckman Coulter, Inc.'s (BCI's) allegation that some of the asserted claims are invalid under the on-sale bar of 35 U.S.C. § 102(b) based on the Advia 2120 product, D.I. 407 at 28–38; D.I. 429 at 26–35; D.I. 436 at 16–20.  BCI has objected to the report and recommendation. D.I. 512.  For the reasons set forth herein, the Court adopts the magistrate judge's recommendations in full, overrules BCI's objections, and grants the portion of Sysmex's motion for summary judgment relating to the on-sale bar as to the Advia 2120 product.

## I.          STANDARD OF REVIEW

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation" ("R&R"). *See Long Branch*, 866 F.3d at 99–100. "Parties 'may serve and file specific written objections to the proposed findings and recommendations . . . .'" *Id.* at 99 (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

## II.    BACKGROUND

Sysmex is the assignee of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against BCI for patent infringement, D.I. 1, and BCI asserted inter alia, that the patents in suit were invalid under the on-sale bar of 35 U.S.C. § 102(b) based on two different products, the Advia 2120 and Advia 120. D.I. 302 at 36–37.

2

Sysmex moved for summary judgment, arguing BCI's invalidity argument based on the Advia products should be dismissed. D.I. 407 at 28–37. Magistrate Judge Burke issued a report recommending granting summary judgment to Sysmex on BCI's claim of invalidity under the on-sale bar as to the Advia 2120 product. D.I. 507. He assumed without deciding that the Advia 2120 was on sale prior to the critical date but found there was insufficient evidence from which a reasonable factfinder could determine the Advia 2120 "actually anticipates or renders obvious the asserted claims at issue." D.I. 507.

III.   **ANALYSIS**

   **A. Applicable Law**

   The on-sale bar under 35 U.S.C. § 102(b) applies when, before the critical date,[1] the invention was 1) the subject of a commercial offer for sale and 2) ready for patenting. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998). "The latter requirement may be satisfied in at least two ways: 'by proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention.'" *Elan Corp., PLC v. Andrx Pharms., Inc.*, 366 F.3d 1336, 1340 (Fed. Cir. 2004) (quoting *Pfaff*, 525 U.S. at 67–68). At trial, the accused infringer challenging the validity of the patent under the on-sale bar must demonstrate both elements by clear and convincing evidence. *Id.*

   **B. The Advia 2120 Does Not Anticipate or Render Obvious the Asserted Claims and Sysmex Is Entitled to Summary Judgment**

   BCI argues the Advia 2120 product was the subject of a commercial offer for sale and ready for patenting as of January 31, 2007, and thus renders the asserted patents

---

[1] The critical date is one year before the applicable patent applications were filed which, in this case, the parties agree is January 31, 2007. *See Medicines Co. v. Hospira, Inc.*, 827 F.3d 1363, 1371–72 (Fed. Cir. 2016).

invalid.  Sysmex moved for summary judgment on this claim.  The magistrate judge concluded that, even assuming the Advia 2120 was on sale in the U.S. prior to the critical date, there is insufficient evidence to conclude that product actually anticipates or renders obvious the asserted claims of the '350 and '351 patents and Sysmex is therefore entitled to summary judgment.  D.I. 507.  The magistrate judge concluded there was an inadequate description of what the Advia 2120 was capable of doing because instructional manual upon which BCI relies was printed in 2008 and thus does not necessarily describe the Advia 2120's functionality prior to the critical date.  D.I. 507.  The magistrate judge also determined there is insufficient evidence to conclude the Advia 2120 is the same as the Advia 120 such that evidence as to the latter can be used to demonstrate the Advia 2120's functionality because Dr. John Roche's statements regarding his "personal experience" are too vague to support BCI's position and BCI cannot rely on the declaration of Dr. Zelmanovic because it did not timely disclose him as a witness.  D.I. 507.  BCI objects to the magistrate judge's findings, and the Court addresses them in turn.[2]

### 1. There Is Insufficient Evidence the Advia-OG Describes the Advia 2120 Prior to the Critical Date

The Advia Operator's Guide ("Advia-OG") is a user manual pertaining to the Advia line of products.  D.I. 432 at 27.  BCI argues it demonstrates the Advia 2120 performed the same functions as those sought in the asserted claims before the critical date.  In its objection, BCI contends there is a "triable issue of fact" as to whether the Advia-OG

---

[2] Sysmex argues the Magistrate Judge's ruling should be interpreted to include granting it summary judgment on BCI's argument regarding the on-sale bar as to the Advia 120 as well as the Advia 2120.  D.I. 520 at 4–7.  This argument is without merit.  The Magistrate Judge's order is clear that summary judgment should be granted to Sysmex only regarding BCI's on-sale bar argument for the Advia 2120, not the Advia 120 as well.  *See* D.I. 507 (report and recommendation stating it addresses "Defendant's allegation that some of the asserted claims are invalid *based on the Advia2120 product*" (emphasis added)).

correctly describes the operation of the Advia 2120 prior to the critical date. D.I. 512 at 8. However, the Advia-OG, while having a copyright date in 2007, was printed in 2008 and expressly states the information it contains "was correct at the time of printing." D.I. 432 at 29. Thus, there is no disputed factual issue requiring resolution at trial; the Advia-OG describes the Advia 2120 as of 2008, not 2007. The magistrate judge correctly concluded that the Advia-OG is therefore insufficient to support BCI's argument that the on-sale bar applies.

### 2. There is Insufficient Evidence the Advia 2120 and Advia 120 Are the Same

In both its original brief and objections, BCI argues that the Court should construe the evidence of the Advia 120's functionality in support of its argument regarding the Advia 2120 as well. The magistrate judge determined that BCI's evidence that the Advia 2120 and Advia 120 were the same was too vague and/or constituted merely attorney argument and was therefore insufficient to preclude summary judgment. D.I. 507. With respect to BCI's witness, Dr. Roche, the magistrate determined his statements equating the Advia 2120 and Advia 120 were too vague because they were supposedly based on personal experience, but he did not explain what that experience was or how it supported his opinion and there was no separate corroborating evidence. D. I. 507. The Court agrees that Dr. Roche's unsupported and vague statements are insufficient to preclude summary judgment.[3]

With respect to BCI's other witness, Dr. David Zelmanovic, the Court did not consider his opinion because his declaration was filed "at the eleventh hour" and there

---

[3] BCI argues that in rejecting Dr. Roche's statements, the magistrate judge engaged in improper weighing of the evidence. D.I. 512 at 13. To the contrary, the magistrate judge applied the correct standard of review and determined BCI's evidence was insufficient to create a genuine issue of material fact for purposes of summary judgment.

had been no discovery regarding his statements.  D.I. 507.  BCI objects, arguing Sysmex could have known about Zelmanovic despite its lack of disclosures and could have deposed him for purposes of summary judgment.  D.I. 512 at 8–10.  The Court finds the magistrate judge was correct to exclude Zelmanovic's opinions because he was not properly disclosed as a witness.

## IV.    CONCLUSION

After carefully reviewing the report and recommendation, the Court finds the magistrate judge is correct in all respects and adopts his report and recommendation, D.I. 507, in its entirety.

THEREFORE, IT IS ORDERED:

1.  Defendant's objection, D.I. 512, is overruled;

2.  The Court adopts the magistrate judge's report and recommendation, D.I. 507, in its entirety; and

3.  The portion of Sysmex's motion for summary judgment, D.I. 406, which seeks judgment as to Defendant's allegation that some of the asserted claims are invalid under the on-sale bar of 35 U.S.C. § 102(b) based on the Advia 2120 product is granted.

Dated this 9th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge