IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION; and SYSMEX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECKMAN COULTER, INC., <br><br> Defendant. | **CIVIL ACTION NO. 19-1642-JFB-CJB** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Report and Recommendation of the magistrate judge. D.I. 515. The Report and Recommendation recommends denial of Beckman Coulter Inc.'s (BCI's) motion for summary judgment for noninfringement. D.I. 412. BCI has objected to the report and recommendation. D.I. 521. For the reasons set forth herein, the Court adopts the magistrate judge's recommendations in full, overrules BCI's objections, and denies BCI's motion for summary judgment of noninfringement.

I.  STANDARD OF REVIEW

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are

1

governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation" ("R&R"). *See Long Branch*, 866 F.3d at 99–100. "Parties 'may serve and file specific written objections to the proposed findings and recommendations . . . .'" *Id.* at 99 (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

## II. BACKGROUND

Sysmex Corporation and Sysmex America, Inc. (jointly, "Sysmex") are the assignees of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against BCI for patent infringement. D.I. 1. BCI sells the DxH products, a line of high-volume hematology analyzers consisting of a specimen processing module and a system manager. D.I. 413 at 10.

BCI moved for summary judgment, setting forth four arguments for noninfringement. D.I. 412. First, BCI argued it had not infringed the claimed "controller" recited in every asserted claim. D.I. 413 at 4–5. Second, BCI argued it had not infringed the "multi-mode detectors configured to operate in both the blood measuring mode and the body fluid measuring mode" recited in independent claims 1, 12, and 19 of the '350 patent and independent claims 1, 16, and 24 of the '351 patent. D.I. 413 at 12. Third, BCI argued it was entitled to summary judgment of noninfringement with respect to the limitation that the asserted patents calculate and display the number of "poly-nucleated cells" in given sample. D.I. 413 at 14. Lastly, BCI sought summary judgment of no liability with respect to products sold prior to the issuance of the patents, called the "installed base." D.I. 413 at 16.

Magistrate Judge Burke issued an R&R denying BCI's motion for summary judgment of noninfringement. D.I. 515.

### III. ANALYSIS

#### A. Applicable Law

The determination of infringement entails two steps: "first, the court construes the asserted claims as a matter of law to determine their meaning, and second, the trier of fact compares the properly construed claims to the accused product to determine whether it contains each limitation of the claims, either literally or under the doctrine of equivalents." *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1338 (Fed. Cir. 2003). The infringement inquiry remains focused at all times on the claim language, as illuminated by the written description and the prosecution history. *Id.* at 1345–46.

"To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) (citing *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796, (Fed. Cir. 1990). "Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is "equivalence" between the elements of the accused product or process and the claimed elements of the patented invention.'" *Bondyopadhyay v. United States*, 136 Fed. Cl. 114, 122–23, aff'd, 748 F. App'x 301 (Fed. Cir. 2018) (quoting *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21, (1997)). "[T]o establish infringement under the doctrine of equivalents, the accused device must be shown to include an equivalent for each literally absent claim limitation." *Dawn Equip. Co. v. Ky. Farms Inc.*, 140 F.3d 1009, 1015 (Fed. Cir. 1998).

**B. Summary Judgment of Noninfringement**

Magistrate Judge Burke recommended denial of each of BCI's four asserted bases for summary judgment of noninfringement. D.I. 515. BCI has objected to each of the magistrate judge's recommendations. D.I. 521. The Court addresses these arguments in turn.

*1. The Claimed "Controller"*

BCI argued it should be granted summary judgment of noninfringement as to the claimed "controller" recited in every asserted claim. D.I. 413 at 4–5. Magistrate Judge Burke recommended BCI's claim be denied because there is conflicting evidence as to whether the "system manager" in the accused devices infringes the "controller" of the asserted claims, either literally or under the doctrine of equivalents. D.I. 515 at 5–15. BCI

4

objects, arguing the controller excludes a general-purpose computer, and the accused devices employ only a general-purpose computer. D.I. 521 at 6–10.

Magistrate Judge Burke correctly concluded that a question of fact as to whether the accused devices' "system manager" infringes the "controller" either literally or under the doctrine of equivalents precludes summary judgment.[1]  D.I. 515 at 9.  Specifically, Sysmex produced evidence that the system manager of the accused devices is more than a general-purpose computer and in fact meets the definition of the "controller."  D.I. 515 at 8-9 (citing D.I. 427 at 28–31).  Accordingly, summary judgment is inappropriate on this claim.

### 2. Multi-Mode Detectors

BCI's second basis for summary judgment was that it had not infringed the "multi-mode detectors configured to operate in both the blood measuring mode and the body fluid measuring mode" recited in independent claims 1, 12, and 19 of the '350 patent and independent claims 1, 16, and 24 of the '351 patent.  D.I. 413 at 12.  It argued that the multi-mode detectors must have two separate configurations (one for blood measuring and one for body-fluid measuring), whereas the accused products have only one configuration for both modes.  D.I. 413 at 13–14.  The magistrate judge determined that the multi-mode detector did not require multiple configurations, but just detectors that operate in both modes.  D.I. 515 at 16–17.  BCI objects, arguing the magistrate judge misreads the plain claim language.  D.I. 512 at 9–10.

---

[1] BCI also makes several arguments based on the construction of the term "controller."  *See, e.g.*, D.I. 521 at 5–9.  The Magistrate Judge correctly concluded these arguments had already been resolved at the claim-construction stage or were otherwise rendered meritless by the Court's claim construction.  D.I. 515 at 5–8.

5

Magistrate Judge Burke was correct to deny summary judgment on this basis and did not misread the claim language in doing so. In particular, the plain language of the asserted claims does not mandate separate configurations as BCI claims. Additionally, there is a dispute of fact as to whether the accused products include detectors that operate in both modes which also precludes summary judgment. *See* D.I. 515 at 17–18 (citing D.I. 416). This portion of BCI's motion must be denied.

### 3. Poly-Nucleated Cells

Third, BCI argued it was entitled to summary judgment of noninfringement with respect to the limitation that the asserted patents calculate and display the number of "poly-nucleated cells" in given sample. D.I. 413 at 14.

The Court previously construed "poly-nucleated cells" to mean "cells with two or more nuclei," rejecting BCI's proposed construction which would have limited "poly-nucleated cells" to three types of white blood cells: neutrophils, eosinophils, and basophils. D.I. 515 at 18 (citing D.I. 230 at 28); *see also* D.I. 493 at 7–8 (adopting the magistrate judge's claim construction). The accused products count only "polymorphonuclear" cells. D.I. 515 at 18–19 (citing D.I. 513 at 15). Polymorphonuclear cells have two or more nuclei segments or lobes, and neutrophils, eosinophils, and basophils are examples of polymorphonuclear cells. D.I. 515 at 19 (citing D.I. 513 at 15). The Court rejected BCI's argument that poly-nucleated cells cannot encompass polymorphonuclear cells like neutrophils, eosinophils, and basophils. D.I. 515 at 19. The magistrate judge noted that BCI's position was contrary to its argument during claim construction and inconsistent with the ultimate construction given to the term "poly-nucleated cells." D.I. 515 at 19–20. BCI objects. D.I. 521 at 11.

The magistrate judge correctly recommended denying this portion of BCI's summary-judgment motion. Given the Court's settled construction of "poly-nucleated" cells, BCI's arguments are without merit. To the extent BCI argues the accused products do not count and display cells including neutrophils, eosinophils, and basophils, this presents a question of fact which renders summary judgment inappropriate.

4. Installed Base

Lastly, BCI sought summary judgment of no liability with respect to products sold prior to the issuance of the patents, called the "installed base." D.I. 413 at 16. Sysmex argued that BCI could still be liable for the installed base because its activities after the patent-issuance date (such as providing training instructions and instruction manuals to customers) induced its customers to infringe the asserted patents. D.I. 515 at 21–22 (citing D.I. 427 at 38). The magistrate judge agreed. D.I. 515 at 22–24. BCI objects, arguing that if the initial sale of its product was free from infringement liability, any subsequent action cannot confer such liability. D.I. 521 at 12.

Questions of fact preclude summary judgment on the question of BCI's liability for induced infringement of the installed base. As noted in the report and recommendation, that relevant inquiry for the factfinder will be whether BCI's customers used the patented technology after the date of patent issuance and, if so, whether BCI knowingly induced those customers to undertake the infringing actions. D.I. 515 at 24. Accordingly, disputed facts preclude summary judgment on the question of BCI's liability for induced infringement for the installed base.

## IV.   CONCLUSION

After carefully reviewing the R&R, the Court finds the magistrate judge is correct in all respects and adopts the report and recommendation, D.I. 515, in its entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's objection, D.I. 521, is overruled;

2. The Court adopts the magistrate judge's report and recommendation, D.I. 515, in its entirety; and

3. BCI's motion for summary judgment of noninfringement, D.I. 412, is denied.

Dated this 10th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge