IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION; and SYSMEX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECKMAN COULTER, INC., <br><br> Defendant. | CIVIL ACTION NO. 19-1642-JFB-CJB <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Oral Report and Recommendation of the magistrate judge. D.I. 531. The Report and Recommendation grants the portion of Sysmex's motion for summary judgment, D.I. 406, that seeks judgment as to Beckman Coulter, Inc.'s (BCI's) § 102(f) derivation defense, D.I. 407 at 38–44; D.I. 429 at 35–45; D.I. 436 at 21–24. BCI has objected to the report and recommendation. D.I. 545. For the reasons set forth herein, the Court adopts the magistrate judge's recommendations in full, overrules BCI's objections, and grants the portion of Sysmex's motion for summary judgment relating to BCI's derivation defense.

I.     STANDARD OF REVIEW

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

1

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation" ("R&R"). *See Long Branch*, 866 F.3d at 99–100. "Parties 'may serve and file specific written objections to the proposed findings and recommendations . . . .'" *Id.* at 99 (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

II.  **BACKGROUND**

Sysmex is the assignee of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against BCI for patent infringement, D.I. 1, and BCI asserted inter alia, that the patents in suit were unpatentable due to having been derived from subject matter from someone other than the inventor under 35 U.S.C. § 102(f). Sysmex

moved for summary judgment, arguing BCI's derivation defense was without merit. Magistrate Judge Burke issued a report recommending granting summary judgment to Sysmex on BCI's derivation defense. D.I. 531. He determined the derivation defense relied on two items of evidence that were inadmissible hearsay: a letter from Goffin Meyvis and a proposal from SEG, both attached to emails sent within Sysmex. D.I. 531; D.I. 408-2 at 143–47 (Goffin Mevyis letter), 317–400 (SEG proposal). The magistrate judge found the letters to be hearsay because they were being offered for their truth and did not fall under the residual hearsay exception as BCI argued.

### III. ANALYSIS

#### A. Applicable Law

An applicant is not entitled to a patent if "he himself did not invent the subject matter sought to be patented." *Cumberland Pharms. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1217 (Fed. Cir. 2017) (quoting 35 U.S.C. § 102(f) (2006)). "[A] challenger asserting this ground show that there was a 'prior conception of the claimed subject matter and communication of the conception' to the named inventor." *Id.* (quoting *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993)).

Hearsay is inadmissible unless it falls under an enumerated exception. Fed. R. Evid. 802. A statement is not hearsay if it is not offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c)(2). Other exceptions to hearsay include a statement made by an opposing party, Fed. R. Evid. 801(d)(2)(A); a statement "made by the party's agent or employee on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(D); a statement a party "adopted or believed to be true," Fed. R. Evid. 801(d)(2)(B); records of a regularly conducted activity (business records), Fed. R. Evid. 803(6); and any other statement "supported by sufficient guarantees of

3

trustworthiness" that "is more probative . . . than any other evidence that the proponent can obtain through reasonable efforts" (the residual hearsay exception), Fed. R. Evid. 807.

### B. The Goffin Meyvis Letter and SEG Proposal Are Inadmissible Hearsay

On initial briefing, BCI contended the Goffin Meyvis letter and SEG proposal were not hearsay because they were not being offered for their truth but to show their effect on the inventors. D.I. 429 at 39–40. BCI also argued the documents would fall under the residual hearsay exception. D.I 429 at 40–41. Magistrate Judge Burke concluded the letters were, in fact, being offered for their truth because BCI was relying on them to show that Sysmex had not conceived of the subject matter first, an element of the derivation defense. D.I. 531. The magistrate judge also determined the documents did not fall under the residual hearsay exception because BCI had not adequately explained why they could not have obtained the testimony of the authors of the documents. D.I. 531.

BCI objects to the magistrate judge's report and recommendation. D.I. 545. It argues once again that the documents are not being offered for their truth but to show the state of mind of the inventors or that they fall under the residual hearsay exception. D.I. 545 at 6–8, 14. It also argues the documents should be admissible as admissions of a party opponent under Fed. R. Evid. 801(d)(2)(A), as statements made by an agent of Sysmex under Fed. R. Evid. 801(d)(2)(D), as adopted admissions under Fed. R. Evid. 801(d)(2)(B), or as business records under Fed. R. Evid. 803(6). D.I. 545 at 8–14.

Magistrate Burke correctly rejected BCI's argument that the documents are not being offered for their truth. BCI intended for the documents to serve as evidence in support of its argument that Sysmex did not conceive of the subject matter of the inventions. Its attempt to frame this as its "effect on the listener" or "state of mind" are

4

unconvincing. The documents would have no value or use to BCI's derivation defense unless they are taken as true.

Magistrate Judge Burke also correctly determined the documents did not fall under the residual hearsay exception. BCI has not shown why the documents are more probative than any other evidence it could obtain through reasonable efforts, such as the testimony of the authors of the documents. In its objection, BCI does not adequately explain why it chose not to depose the authors except to hint that it may have been costly to issue an international subpoena. This is inadequate to demonstrate why the magistrate judge was incorrect in finding the residual hearsay exception did not apply.

Lastly, to the extent BCI now seeks to assert additional hearsay exceptions such as admission by a party opponent, statement by an agent, adopted admission, or business records, it failed to raise these arguments initially and thus waived them. However, even if BCI had not waived these arguments, they are without merit. The documents in question are not admissions by Sysmex or its agents but letters authored by third parties and attached to emails sent by Sysmex and thus fail under Fed. R. Evid. 801(d)(2)(A) and (D). There is no evidence Sysmex adopted these reports under Fed. R. Evid 801(d)(2)(B) nor is there evidence these emails were kept in the regular course of business under Fed. R. Evid 803(6). Accordingly, because the evidence in support of BCI's derivation defense is inadmissible hearsay, Sysmex is entitled to summary judgment as to that defense.

## IV. CONCLUSION

After carefully reviewing the report and recommendation, the Court finds the magistrate judge is correct in all respects and adopts his report and recommendation, D.I. 531, in its entirety.

5

THEREFORE, IT IS ORDERED:

1. Defendant's objection, D.I. 545, is overruled;

2. The Court adopts the magistrate judge's report and recommendation, D.I. 531, in its entirety; and

3. The portion of Sysmex's motion for summary judgment, D.I. 406, which seeks judgment as to Defendant's section 102(f) derivation defense is granted.

Dated this 14th day of June, 2022.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        Senior United States District Judge