IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION; and SYSMEX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECKMAN COULTER, INC., <br><br> Defendant. | **CIVIL ACTION NO. 19-1642-JFB-CJB** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's objections, D.I. 567, to the report and recommendations ("R&R") of the magistrate judge, Oral Order D.I. 563. The magistrate judge's findings are in response to the Daubert motion by the Defendant, Beckman Coulter, Inc. ("BCI") which seeks to exclude the opinions of David Haas, a damages expert on behalf of the Plaintiffs, Sysmex Corporation and Sysmex (jointly, "Sysmex"). D.I. 414. This Court adopts the report and recommendations of the magistrate judge entirely, and therefore overrules the objections of the Defendant.

I. **STANDARD OF REVIEW**

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B).

1

*Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation" ("R&R"). *See Long Branch*, 866 F.3d at 99–100. "Parties 'may serve and file specific written objections to the proposed findings and recommendations . . . .'" *Id.* at 99 (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

## II.   BACKGROUND

Sysmex is the assignee of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against BCI for patent infringement, D.I. 1, and BCI asserted counterclaims. D.I. 302 at 11, 13–38, 41.

Thereafter, Defendant BCI sought to exclude the opinions of Plaintiff Sysmex's damages expert, David Haas ("Haas"). D.I. 414. BCI's *Daubert* motion to exclude Haas is premised on the following points: (1) Haas failed to properly apportion for the patented and unpatented features for reasonable royalties, (2) Haas's opinion on lost profits also

failed to apportion for the patented and unpatented features, (3) Haas's convoyed sales opinions are unreliable, (4) Haas's future lost profit opinions are unreliable, and (5) Haas failed to consider BCI's ability to sell a non-infringing alternative in his reasonably royalty and lost profits analysis. D.I. 415. In response, Sysmex opposed BCI's *Daubert* motion on the basis that Haas's opinions *are* reliable and therefore should not be excluded. D.I. 427 at 38–48.

The magistrate judge then reviewed the Defendant's *Daubert* motion on each of these five points and ultimately recommended it be denied. D.I. 563. BCI now objects to the magistrate judge's report and recommendation. D.I. 567 at 1.

### III. DISCUSSION

Defendant objects to the report and recommendation of the magistrate judge on all five points. D.I. 567. Defendant primarily reiterates the same arguments it raised in support of its *Daubert* motion, D.I. 415, and cites to a newly published opinion of the Federal Circuit Court as precedent. The Court will make a de novo review of each of the five points objected to by Defendant and address the new argument raised on recent precedent. 28 U.S.C. § 636(b)(1).

#### A. Haas's Apportionment for Reasonable Royalties

BCI argues in its original *Daubert* motion that Haas is unreliable because his 23% apportionment claim as to a reasonable royalty "is not reasonable or admissible" and that Haas "overstates the significance and actual usage by customers of the alleged novel features of the claimed invention." D.I. 415 at 4. Sysmex argues that Haas's apportionment goes to the "weight of his opinion, which is an issue for the jury" and "conducted an apportionment that incorporated the exact same criteria that BCI's Mr. Rhyner (and Mr. Rosen) used." D.I. 427 at 42–43 (citing see *i4i Ltd. P'ship v. Microsoft*

3

*Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010)). In review of these claims, the magistrate judge found that "Defendant's critiques go to the weight rather than the admissibility of Mr. Haas' opinion." Oral Order, D.I. 563. This Court agrees with the magistrate judge that Haas's reasonable royalty claims speak to the weight of his testimony and do not alter the admissibility of his testimony as an expert witness on damages, thus BCI's objection on apportionment for reasonable royalties is overruled.

### B. Haas's Apportionment for Lost Profits

Next BCI argues that Haas's opinions on lost profits should be precluded, because he fails to properly apply the factors of *Panduit* and account for "the basis of demand for [the DxH analyzers and the non-patentable consumables] is any individual patented feature" and therefore does not properly apportion for lost profits. D.I. 415 at 6 (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)). Meanwhile, Sysmex argues that Haas's opinions do properly apportion for lost profits because Haas "faithfully applied the *Panduit* factors, including a detailed analysis for demand for the product as a whole (Factor 1) and the absence of acceptable non-infringing alternatives to the large hematology customer segment of the market (Factor 2)." D.I. 427 at 44. The magistrate judge found Haas's analysis "included a market-based apportionment, which allocates lost profits . . . indicating that the body fluid mode feature is an "important driver" in customer purchase decisions." D.I. 563. This Court agrees with the recommendation of the magistrate judge because similar to the first point on reasonable royalties, the Defendant's criticisms speak to the weight of Haas's testimony rather than the admissibility. Therefore, BCI's objections relating to Haas's apportionment for lost profits is overruled.

### C. Haas's Convoyed Sales Opinions

BCI next alleges that Haas "improperly included in his analysis convoyed sales of reagents and service that have no relation to the alleged invention" and some that were sold *before* the disputed patents were issued. D.I. 415 at 7–8. In response, Sysmex argues that Haas "provided significant support" therefore making Haas's opinions appropriate. D.I. 427 at 45–46. The magistrate judge recommended the denial of this point because the court previously explained the inadequacies of Defendant's argument. D.I. 563 (citing D.I. 515 at 21-24). This Court previously adopted the magistrate judge's R&R in its entirety addressing this argument, D.I. 515, therefore Defendant's argument alleging improper sales opinions in the expert witness is overruled.

### D. Haas's Future Lost Profit Opinions

BCI alleges that Haas's analysis fails to meet the heightened burden for evidence of future lost profits because it is based upon BCI testimony on the expected durational use of the analyzers. D.I. 415 at 9 (citing *TruePosition Inc. v. Andrew Corp.*, 568 F. Supp. 2d 500, 526 (D. Del. 2008)). Sysmex responds by arguing that Haas's projections were based upon BCI's information provided to consumers. D.I. 427 at 40. BCI later supported its *Daubert* motion and alleged that Haas had misconstrued BCI's information. D.I. 435 at 25. The magistrate judge found BCI's argument failed the *Daubert* test and waived the point raised in Defendant's reply brief. Oral Order, D.I. 563. The Court agrees with the magistrate judge and overrules the Defendant's objection.

### E. Haas on BCI's Ability to Sell a Non-Infringing Alternative

BCI contends that Haas failed to consider whether Defendant "could have sold the accused hematology analyzers without the alleged patented feature" in his reasonable royalty and lost profit analysis. D.I. 415 at 9–10. Sysmex argues Haas considered these

5

non-infringing alternatives but found none would be acceptable. D.I. 427 at 48. The magistrate judge found Defendant's argument, even if supported by evidence and cross-examination, does not warrant exclusion of Haas's testimony. D.I. 563. In reviewing the arguments, this Court holds the opinions of Haas relating to non-infringing alternatives add to the weight of his testimony and the Defendant's objection is overruled.

### F. Defendant's New Argument, Citing *Apple, Inc. v. Wi-LAN Inc.*

Lastly, BCI supports its objections to the magistrate judge's R&R by citing to a recently published Federal Circuit opinion. D.I. 567 at 2. In *Apple Inc. v. Wi-LAN Inc.* the court upheld the trial court's granting of a new trial to the plaintiff because the defendant's damages expert relied upon the faulty advice of a technical expert, Dr. Madisetti, and thereby misconstrued the license agreements and the testimony should have been excluded. 25 F.4th 960, 975–76 (Fed. Cir. 2022).

In the present case, Haas has made use of the same technical expert, Dr. Madisetti, relied upon by the damages expert in *Apple Inc.* which resulted in a new trial. D.I. 567 at 2. BCI argues that here, like in *Apple Inc.*, Dr. Madisetti has "conflated the asserted patent with broader technology" and therefore Haas's reliance upon Dr. Madisetti's opinions requires the Court to exclude Haas's testimony. *Id.* In return, Sysmex asserts that this new argument lacks merit by failing to previously assert it and that the court's holding in *Apple Inc.* did not result in new law. D.I. 569 at 4.

While the Court recognizes the similarity between the arguments and that Haas has relied on the same technical expert as in *Apple Inc.*, Defendant has failed to show sufficient evidence demonstrating how Dr. Madisetti has conflated the asserted patents in the present case. Defendant's objection based upon the holding in *Apple Inc.* does not require excluding Haas's testimony because Haas's reliance upon Dr. Madisetti appears

6

to be minimal and no evidence has been shown that Dr. Madisetti has greatly altered Haas's opinions. Therefore, because this new argument based upon the holding in *Apple Inc.* does not alter the Court's opinion or weight of Haas's expert testimony, the Defendant's objection based upon this reasoning is overruled.

### IV. CONCLUSION

The Court has performed a de novo review of the Defendant's objections relating to each of the five sections asserted in the Defendant's original Daubert motion supported by the analysis of the magistrate judge. While persuasive, Defendant's Daubert motion arguments do not alter this Court's view of Haas's expert testimony, and therefore warrant allowing the jury to review Haas's testimony to be offered at trial. Defendant's objection and new argument asserted in relation to the recent precedent in *Apple Inc.* also do not warrant this Court from precluding Haas's testimony.

THEREFORE, IT IS ORDERED:

1. The court adopts magistrate judge's report and recommendation, D.I. 563, in its entirety; and
2. Defendant's objections, D.I. 567, are overruled.

Dated this 24th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge