IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYSMEX CORPORATION; and SYSMEX
AMERICA, INC.,

          Plaintiffs,

   v.

BECKMAN COULTER, INC.,

          Defendant.

**CIVIL ACTION NO. 19-1642-JFB-CJB**

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' motions in limine (D.I. 517-16; D.I. 517-17; D.I. 517-18; D.I. 517-19; D.I. 517-20; D.I. 517-21).

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). Evidentiary rulings, especially ones that encompass broad classes of evidence, should

1

generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.  *See Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The Court is unable to evaluate the relevance of much of the challenged evidence in the context of a pretrial motion.  The parties' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the scope of such an instruction at this time.  The court will admit the challenged evidence only on a showing that it is relevant to the remaining issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.

With those principles in mind, the Court finds as follows.

I.    **SYSMEX'S MOTIONS**

A.  **Sysmex's Motion in Limine No. 1**

Sysmex first moves to exclude evidence and argument concerning claims or issues that will not be tried to the jury, including Beckman Coulter, Inc.'s ("BCI") inequitable-conduct allegations, BCI's case against Sysmex in the Northern District of Illinois, BCI's proposed but rejected defense of unclean hands and counterclaims for breach of contract and trade-secret misappropriation, and the PTAB proceedings relating to BCI's IPR directed to non-asserted claims 7–15 of the '351 Patent.  D.I. 517-16 at 2.  It

argues such topics are irrelevant under Fed. R. Evid. 402 and unduly prejudicial under Fed. R. Evid. 403. D.I. 517-16 at 2–6.

BCI agrees that evidence relating solely to inequitable conduct is inadmissible. D.I. 517-16 at 7. However, it argues the Illinois case is relevant to willfulness and damages as is the IPR relating to claims 7–15 of the '351 Patent. It argues the Court should not rule on the question of excluding its unclean hands defense and counterclaims for breach of contract and trade-secret misappropriation because Sysmex has not specified what evidence it thinks is inadmissible in relation to these topics.

The Court agrees with the parties that any evidence relating solely to inequitable conduct is inadmissible. Likewise, any evidence relating solely to unasserted defenses and counterclaims is inadmissible. The Illinois case involves a different patent and different product than those at issue in this case and thus the Court has difficulty seeing its relevance here. *See e.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2007 WL 7658923, at *1 (D. Del. Sept. 14, 2007) ("The Court concludes that the potential prejudice to Power Integrations of having the jury hear that the patents have been called for review by the PTO outweighs the probative value of the evidence."). The Court leans towards disallowing this testimony but will take the issue under advisement until such time as it is going to be mentioned at trial and will assess its relevance then. *See C R Bard Inc. v. AngioDynamics Inc.*, No. 1:15CV218, 2018 WL 3468215, at *2 (D. Del. July 18, 2018) (taking the question of the admissibility of evidence of prior lawsuits between the parties under advisement until its relevance could be argued at trial). To the extent BCI may contend that evidence Sysmex claims is inadmissible under this first motion in limine is relevant for another admissible purpose (e.g., overlapping relevance

to inequitable conduct *and* obviousness), the Court will defer ruling until the time of trial and will assess the evidence's relevance at that time.

### B. Sysmex's Motion in Limine No. 2

Sysmex next seeks to exclude comparisons of the accused BCI products to Sysmex's commercial products or the prior art. D.I. 517-17 at 1–6. It argues such comparisons are irrelevant and unduly prejudicial. BCI appears to concede that such comparisons are irrelevant, but argues it should be permitted to use Sysmex's commercial products to demonstrate the scope of the claims as they would be understood by a person of ordinary skill in the art. D.I. 517-17 at 19. Thus, the Court grants Sysmex's motion to the extent the parties agree BCI shall not compare the accused products to Sysmex's commercial products and the prior art. To the extent BCI offers evidence regarding Sysmex's commercial products for another purpose, the Court will assess its relevance and admissibility at that time.

### C. Sysmex's Motion in Limine No. 3

Sysmex's final motion in limine seeks to exclude BCI's prior art defenses in excess of the seventy grounds permitted in the Court's prior narrowing order. D.I. 517-18; D.I. 373. This motion relates to Sysmex's derivation defense and anticipation defense as to the Advia 2120. Subsequently to the filing of this motion in limine, the Court granted Sysmex's summary judgment as to BCI's derivation defense, D.I. 531 (magistrate's report and recommendation granting summary judgment) D.I. 540 (Court's order adopting the report and recommendation), and as to BCI's anticipation defense as to the Advia 2012, D.I. 507; (magistrate's report and recommendation granting summary judgment); D.I. 551

(Court's order adopting the report and recommendation).  Thus, the Court concludes this motion in limine is moot and therefore denies it.

## II.     BECKMAN COULTER'S MOTIONS

### A.  Beckman Coulter's Motion in Limine No. 1

BCI moves to preclude evidence or argument regarding non-instituted inter partes review.  D.I. 517-19.  It argues such evidence is irrelevant or that its prejudice outweighs its probative value.  It notes the differing standards applicable to the two proceedings and argues this would confuse the jury.  Sysmex suggests that the Court can simply prevent the parties from referencing the difference in standards because judicial and PTAB proceedings and that the evidence is probative of willful infringement because continued maintaining the present litigation despite the decision not to institute inter partes review. D.I. 517-19 at 70.

The Court concludes that the PTAB proceedings are not relevant and present a risk of confusing the jury.  Accordingly, Beckman Coulter's first motion in limine is granted.

### B.  Beckman Coulter's Motion in Limine No. 2

BCI moves to preclude evidence or argument suggesting copying or unpleaded causes of action that BCI misappropriated Sysmex confidential information.  It argues this evidence is not relevant because there is no cause of action regarding trade secrets.  D.I. 517-20 at 1.  Sysmex responds that such evidence may be relevant to nonobviousness. D.I. 517-20 at 7 ("evidence of copying . . . 'constitutes independent evidence of nonobviousness.'" (quoting *Ortho-McNeil Pharmaceutical v. Mylan Lab'ys.*, 520 F.3d 1358 (Fed. Cir. 2008))).  BCI responds that Sysmex has not identified actual evidence of copying nor is such copying egregious enough to be admissible.  D.I. 517-20 at 12.

At this time, it is unclear what evidence of alleged "copying" Sysmex might present at trial and whether it would be relevant to the asserted causes of action and/or defenses. Likewise, although there is no cause of action relating to trade secrets, Sysmex's argument that disclosure of confidential information may be relevant to nonobviousness is well-founded.   Accordingly, the Court denies Beckman Coulter's second motion in limine.

### C.  Beckman Coulter's Motion in Limine No. 3

Lastly, BCI moves to exclude evidence and argument of secondary considerations of nonobviousness. D.I. 517-19 at 1.  It argues Sysmex fails to show the required nexus between such evidence of secondary considerations and the features of the asserted claims.  *See Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 626, 651 (D. Del. 2014) (explaining nexus requirement).  Sysmex responds that BCI's motion amounts to little more than an untimely *Daubert* motion or motion for summary judgment. D.I. 517-19 at 58.  It further argues that its expert, Paul Robinson, provides sufficient testimony to support a nexus between the evidence of secondary considerations and the features of the asserted claims.  In reply, BCI proposes the Court order additional briefing from the parties if it determines its motion to be one for summary judgment or under *Daubert*. D.I. 517-19 at 70.

The Court agrees with Sysmex that this motion is poorly presented in the context of limited briefing permitted for a motion in limine.  Accordingly, it denies this motion subject to reassertion at trial when it can assess the evidence of nexus that is actually presented.

**III.   CONCLUSION**

THEREFORE, IT IS ORDERED that the parties' motions in limine (D.I. 517-16; D.I. 517-17; D.I. 517-18; D.I. 517-19; D.I. 517-20; D.I. 517-21) are granted in part and in denied in part as set forth in this order.

Dated this 24th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge