IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYSMEX CORPORATION; and SYSMEX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECKMAN COULTER, INC., <br><br> Defendant. | **CIVIL ACTION NO. 19-1642-JFB-CJB** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiffs', Sysmex Corporation and Sysmex America, Inc.'s (jointly, "Sysmex"), motion to dismiss counterclaims for lack of subject-matter jurisdiction. D.I. 558. For the reasons stated herein, the Court grants Sysmex's motion and dismisses BCI's counterclaims of invalidity and noninfringement as to Claims 7–15 of the '351 Patent.

**I.   BACKGROUND**

Sysmex is the assignee of the asserted patents, the '350 and '351 patents. D.I. 1 at 2. The asserted patents describe "sample analyzers having a plurality of detectors for sensing blood samples or body-fluid samples, including at least one multi-mode detector that can operate in both the blood measuring mode and the body fluid measuring mode." *Id.* at 3. Sysmex brought suit against Beckman Coulter, Inc. ("BCI") for patent infringement, D.I. 1, and BCI sought declaratory judgment, inter alia, as to invalidity and noninfringement related to claims 7 through 15 of the '351 Patent. D.I. 7 at 18–20.

On August 20, 2020, BCI filed four petitions for inter partes review. The Patent Office granted the petition relating to claims 7–15 of the '351 Patent. Thereafter, Sysmex

1

narrowed its list of asserted claims and informed BCI and the Court that it was no longer asserting claims 7–15 of the '351 Patent. D.I. 368 at 1. The Patent Office issued a final written decision finding claims 7–15 of the '351 Patent to be unpatentable, which ruling Sysmex has appealed.

On June 6, 2022, Sysmex provided BCI with a covenant not to sue for infringement of claims 7–15 of the '351 Patent. D.I. 558-1 at 2–3. Sysmex "irrevocably, unconditionally and perpetually covenant[ed] and agree[ed]" not to sue BCI for "infringement of claims 7–15 of [the '351] Patent." D.I. 558-1 at 2. The covenant not to sue covers BCI's importation, use, sale, or offer for sale within the United States of "BCI's commercial products that are currently or have been manufactured, used or sold." D.I. 558-1 at 2.

BCI wants to proceed with trying its declaratory judgment counterclaims with respect to the claims 7–15 of the' 351 Patent. D.I. 540 at 10, 11, 96. Sysmex moves to dismiss BCI's declaratory judgment counterclaims with respect to the unasserted claims 7–15 of the' 351 Patent, arguing that its covenant not to sue has mooted the controversy with respect to those claims, thus depriving the Court of subject-matter jurisdiction. D.I. 558.

## II.     ANALYSIS

### A. Law

"A declaratory action is available when the facts as alleged 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127

(2007)). "The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction." *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633–34 (Fed. Cir. 1991) (citation omitted). "Indeed, the 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

### B. Application

Turning to the application of this standard to the present motion, there is no substantial controversy warranting a declaratory judgment action here. In *Super Sack Manufacturing*, the Federal Circuit held that the patent-holder's promise not to sue for infringement mooted any controversy as to the defendant's counterclaim seeking declaratory judgment of noninfringement and invalidity. 57 F.3d at 1058. In the absence of a justiciable, actual controversy, the Court lacked subject-matter jurisdiction. *Id.* at 1060. The situation is similar here: Sysmex's covenant not to sue removes any controversy regarding claims 7–15 of the '351 Patent and the Court thus lacks subject-matter jurisdiction.

BCI argues that subsequent case law broadened the scope of permissible declaratory-judgment counterclaims beyond that analyzed in *Super Sack* and instructed that the Court should consider all of the circumstances in determining when it retained jurisdiction in light of a promise not to sue. *See, e.g.*, *Revolution Eyewear, Inc.*, 556 F.3d at 1297. It argues that the covenant is too narrow because it does not cover future sales, the litigation is at a late stage, and the inter partes review appeal weighs in favor of the Court retaining jurisdiction because Sysmex may change its position depending on the

outcome. D.I. 565 at 6–12. Alternatively, it argues that if the Court grants Sysmex's motion to dismiss, the Court should also find Sysmex's other claims for infringement are moot and dismiss them as well. D.I. 565 at 12–14.

BCI's arguments are without merit. First, while the Federal Circuit clarified the parameters of declaratory-judgment jurisdiction in later cases, the analysis in *Super Sack* remains instructive. Indeed, later cases continued to rely on the reasoning and analysis in Super Sack while applying the correct standards for declaratory-judgment jurisdiction as the Court does here. *See, e.g.*, Revolution Eyewear, Inc., 556 F.3d at 1298 (citing *Super Sack*).

Second, the covenant not to sue is broad enough to cover future sales; it unequivocally covers "BCI's commercial products that are currently or have been manufactured, used or sold." D.I. 558-1 at 2. Such language is broad enough to incorporate futures sales of such products as well. *See, e.g.*, Super Sack, 57 F.3d at 1059 (finding similar language regarding "products currently manufactured and sold . . . totally removes any current or future apprehension" of suit). Furthermore, Sysmex expressly states in briefing that "the CNS covers future sales of the accused products." D.I. 570 at 8. To the extent BCI argues that the covenant is too narrow because it does not cover future potential suits based on future actions BCI may take (such as software updates), that possibility is too speculative to confer jurisdiction over its counterclaim for declaratory judgment of invalidity and noninfringement." *Accord* Super Sack, 57 F.3d at 1059 ("The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity.").

Third, the late stage of the litigation and the fact the inter partes review decision is on appeal are also inadequate to confer jurisdiction on the Court. Neither affects the validity of the covenant not to sue, which is the key inquiry in determining whether the controversy has been mooted.

Finally, the Court will not dismiss all of Sysmex's infringement claims based on the covenant not to sue. The covenant not to sue is limited to claims 7–15 of the '351 Patent and does not extent to the other claims of the '351 nor the '350 Patent as BCI argues.

### III.  CONCLUSION

After carefully reviewing the report and recommendation, the Court finds Sysmex's motion should be granted.

THEREFORE, IT IS ORDERED:

1. Plaintiffs' motion to dismiss counterclaims for lack of subject-matter jurisdiction, D.I. 558, is granted and BCI's counterclaims of invalidity and noninfringement as to Claims 7–15 of the '351 Patent are dismissed.

Dated this 28th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge