IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYSMEX Corp. and SYSMEX
AMERICA, Inc.,

        Plaintiffs,

v.

BECKMAN COULTER, Inc.,

        Defendant.

Civil Action No. 19-1642-GBW

## MEMORANDUM ORDER

Plaintiffs Sysmex Corp. and Sysmex America, Inc. ("Sysmex") move to strike Defendant Beckman Coulter, Inc.'s ("Beckman") written description defenses (D.I. 576) for the terms "plurality of detectors" and "the body fluid measuring mode includes a sequence of operations for measuring cells in the body fluid sample" (the "BFMM term"). D.I. 577 at 1. Since Beckman never asserted a lack of written description for these terms in either its expert report, D.I. 577-1, Ex. 2, or its invalidity contentions, D.I. 586-1, Ex. A, Ex. B, & Ex. C, the Court finds Beckman's written description defenses untimely and will grant the Motion to Strike. The Court has reviewed the parties' briefing, D.I. 577; D.I. 586; D.I. 587, and no hearing is necessary.

Claim 1 of United States Patent No. 10,401,350 (the "'350 patent") and of United States Patent No. 10,401,351 (the "'351 patent") recites:

> A sample analyzer comprising:
> **a plurality of detectors** each configured to sense cells in a sample . . . ;
> a controller programmed to selectively operate the sample analyzer in a blood measuring mode or a body fluid measuring mode, wherein . . . **the body fluid measuring mode includes a sequence of operations for measuring cells in the body fluid sample** . . . .

D.I. 1-1, Ex. A at claim 1 & Ex. B at claim 1 (emphases added); *see also* D.I. 541 ¶ 15 (including claim 1 of the '350 and '351 patents among the "Asserted Claims"). The '350 and '351 patents share a common specification.[1] D.I. 1-1, Ex. A at 2 & Ex. B at 2 (explaining that both patents are continuations of United States Patent No. 8,968,661); *see also Wi-LAN USA, Inc. v. Ericsson, Inc.*, 675 F. App'x 984, 987 n.2 (Fed. Cir. 2017) (explaining that two patents "share a common specification" because one patent is a continuation of the other patent). Beckman contends that each patent's claim 1—among other claims—are invalid for lack of written description. The Patent Act requires that each patent's specification "contain a written description of the invention, and of the manner and process of making and using it . . . ." 35 U.S.C. § 112(a). "[A] patent's specification must reasonably convey to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1016 (Fed. Cir. 2022) (cleaned up).

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Beckman's invalidity contentions are disclosures subject to Rule 26(a).[2] This Court has applied the so-called *Pennypack* factors to "determine whether a failure to make timely disclosure of

---

[1] "Strictly speaking, the specification includes both the written description and the claims. In common parlance, however, 'specification' is used to refer only to the written description component of a patent." Tun-Jen Chiang & Lawrence B. Solum, *The Interpretation-Construction Distinction in Patent Law*, 123 Yale L.J. 530, 538, n.17 (2013). Here, the '350 and '531 patents share a common written description, but have different claims.

[2] *See Intell. Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017) (applying Rule 26(a) to initial infringement contentions); D.I. 29 ¶ 1 (incorporating "the Court's Default Standard for Discovery"); *Default Standard for Discovery, Including Discovery of Electronically Stored Information*, U.S. Dist. Ct. for Dist. of Del., at 4–5 (Accessed Oct. 11, 2022), https://www.ded.uscourts.gov/sites/ded/files/pages/Electronic%20Discovery%20Default%20Standard_0.pdf (requiring initial invalidity and infringement contentions).

information required to be disclosed by court order or rule should lead to sanctions or should be regarded as harmless." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020); *see id.* (declining to apply the *Pennypack* factors because the disclosure of "final invalidity contentions was not untimely"). The *Pennypack* factors are as follows:

> (1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence.

*LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

The Court's Amended Scheduling Order, entered on October 15, 2021, provides that, "by no later than October 29, 2021, [Beckman] shall narrow its prior art invalidity positions to no more than 20 total prior art references and no more than 70 prior art invalidity grounds." D.I. 373 ¶ 23 (emphasis omitted). That date was later amended to June 17, 2022. D.I. 553 at 2. In a June 10, 2022 letter, Sysmex argued that "[Beckman] refused to agree that it will identify the invalidity defenses it will assert at trial by June 17, 2022" and asked the court to "require [Beckman]'s narrowed defenses . . . to include . . . the specific limitations that form the basis of any § 112 defenses." *Id.* Beckman responded that it would narrow its invalidity defenses but that the Court should reject Sysmex's request for "a brand new . . . identification of 'specific limitations'" because "Section 112 is not addressed in that way." *Id.* Beckman contended that these "new narrowing requirements . . . were not negotiated, agreed upon, or even required under the applicable precedent." *Id.* On June 14, 2022, the Court ordered Beckman "to identify the specific claim limitations that form the basis for its Section 112 defenses." D.I. 561 at 1.

On June 17, 2022, Beckman disclosed that one of its defenses was

> [i]nvalidity under § 112 for lack of written description for all asserted claims and claim 7 of the '351 patent, for the terms "multimode detectors," **"plurality of**

3

**detectors**," "electrical detector" and/or **"the body fluid measuring mode includes a sequence of operations for measuring cells in the body fluid sample"**, to the extent Plaintiffs contend those terms cover an electrical detector that is used to count white blood cells in the body fluid mode . . . .

D.I. 577-1, Ex. 1 at 1 (emphases altered). The parties' dispute centers on only two of these terms: (1) the "plurality of detectors" term and (2) the BFMM term.

Sysmex argues that "[Beckman] disclosed for the first time on Friday, June 17, 2022 at 8:43 P.M. EST, that it was asserting written description defenses with respect to" the two terms at issue. D.I. 577 at 1. Sysmex asserts that Beckman's final expert report and Beckman's final invalidity contentions both disclosed written description defenses for certain claim terms but failed to address either the "plurality of detectors" or the BFMM terms. *Id.* Thus, Sysmex argues, the Court should strike these "new" invalidity defenses both for untimeliness and under the Third Circuit's *Pennypack* test. *Id.* at 1–2. Beckman does not deny that its prior invalidity contentions or expert reports failed to discuss written description defenses for the two terms at issue. D.I. 586. Beckman instead argues that "whether the scope of the claim is supported by the specification . . . is independent of any specific limitation" because, here, "it is the *absence* of a limitation that establishes a lack of written description." *Id.* at 2 (emphasis in original). Beckman argues that the claims asserted in this case "*lack*[] a limitation to optically counting white blood cells in body fluids" and, instead, "broadly cover *electrically* sensing and differentiating white blood cells in body fluids" when "the specification discloses only *optically* sensing such cells." *Id.* at 1–2 (emphases in original). Sysmex responds that Beckman never disclosed that its "written description defense is independent of any specific [claim] limitation" and that, to this point, "[Beckman]'s defenses have all been directed to specific claim limitations." D.I. 587 at 1–2 (internal quotation marks and citations omitted).

4

First, the Court first finds that Beckman untimely disclosed its invalidity contentions as to the "plurality of detectors" term and as to the BFMM term. Beckman has argued, since at least May 7, 2020, that the "common patent specification . . . consistently discloses that an optical detector . . . is required to perform sensing of white blood cells in the body fluid . . . ." D.I. 586-1, Ex. A at 9, Ex. B at 13, & Ex. C at 13. Indeed, the Federal Circuit has recognized the validity of a similar argument. *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, 558 F.3d 1368, 1378 (Fed. Cir. 2009) (upholding summary judgment for lack of written description because the patent's specification "describe[d] only medical valves with spikes," but certain claims also covered "valves that operate . . . without a spike").

However, Beckman's initial, D.I. 586-1, Ex. A, final, D.I. 586-1, Ex. B, and supplemental final, D.I. 586-1, Ex. C, invalidity contentions related to lack of written description were directed to particular claim terms, *see, e.g.*, D.I. 586-1, Ex. B at 12, 16 & Ex. C at 12, 15. Beckman's supplemental final invalidity contentions mention the BFMM term, *see, e.g.*, D.I. 577-1, Ex. 3, App'x B at 23, 29, 31, 34 (noting the BFMM term in a table of prior art disclosures), and the "plurality of detectors" term, D.I. 577-1, Ex. 3, App'x B at 2, 15, 22, 24, 28–30, 33 & App'x C at 2, 15, 29, 30, 39, 40 (same as BFMM term), as to other invalidity defenses, but not as to Beckman's written description defense, *but see* D.I. 577-1, Ex. 3, App'x B at 3, 23 & App'x C at 3, 30 (reciting a claim that includes the BFMM term in a discussion of § 112 as to a different claim term). Beckman, itself, highlights invalidity contentions that relate to specific claim terms other than the "plurality of detectors" and the BFMM terms. *See, e.g.*, D.I. 586-1, Ex. A at 9, 11. Further, as the passages Beckman highlights demonstrate, Beckman's expert discussed the lack of written description as to specific claim terms, but not as to the "plurality of detectors" or the BFMM

5

terms. D.I. 586-1, Ex. D at 30–50; *see also* D.I. 577-1, Ex. 2 (discussing, in Beckman's expert report, seven other claim terms under the heading "Lack of Written Description").

In short, Beckman has consistently represented to Sysmex that its written description arguments related to specific claim limitations, but not to the two terms at issue here. Therefore, Beckman's attempt to assert its defense as to new claim limitations at this late hour is untimely.

Second, the Court concludes that Beckman cannot introduce its untimely disclosed invalidity contentions under the *Pennypack* factors. Beckman does not attempt to defend its late assertion of new defenses under the *Pennypack* factors, D.I. 586 at 4 ("*Pennypack* is inapposite"), so the Court considers any defense Beckman could have asserted for its late filing waived. Had Beckman asserted such a defense, the Court would have had little trouble finding in Sysmex's favor. The introduction of new invalidity defenses after deposition of expert witnesses had ended prejudices Sysmex. *See* D.I. 373 at 1–2 (noting completion of "Expert Depositions" on August 6, 2021 and of depositions as to supplemental reports "by no later than November 23, 2021" (emphasis omitted)). While Beckman asserts that its written description theory applies "with equal force" across all claim terms, *see* D.I. 586 at 4, Beckman specified its written description defense by claim term in its prior invalidity contentions and failed to mention either of the two claim terms at issue in those contentions, *see* D.I. 586-1, Ex. A at 6–12, Ex. B at 9–18 & Ex. C at 12–16. Only exclusion of Beckman's newly asserted defenses can cure the prejudice Sysmex would suffer. As well, Beckman's application of the same defense to at least one other term in claim 1 of the '350 and '351 patents, *compare* D.I. 586-1, Ex. A at 9–10 (discussing "multi-mode detector" term), *with* D.I. 1-1, Ex. A at claim 1 & Ex. B at claim 1 (requiring a "multi-mode detector"), suggests that Beckman's newly asserted defenses are not important. Thus, even if Beckman acted in good faith, the *Pennypack* factors would favor exclusion here.

6

Thus, the Court will grant Sysmex's Motion to Strike Beckman's untimely written description defenses as to the "plurality of detectors" and BFMM claim terms. D.I. 576.

WHEREFORE, at Wilmington this 12th day of October, 2022, **IT IS HEREBY ORDERED** that Sysmex's Motion to Strike (D.I. 576) is **GRANTED**, and Beckman's untimely written description defenses are **STRIKEN**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE